■ BOUCHARD TRANSPORTATION CO., INC., Respondent, v NEW YORK ISLANDERS HOCKEY CLUB, LP, Appellant. [836 NYS2d 654]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated August 1, 2006, as denied its motion for summary judgment dismissing the complaint and for summary judgment on its counterclaim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint and for summary judgment on its counterclaim is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of judgment in favor of the defendant and against the plaintiff in the principal sum of $7,077 on the counterclaim.

Paragraph 16 (h) in the agreement between the plaintiff lessee and the defendant lessor contains a *force majeure* clause which excuses the defendant's nonperformance "by cause or causes beyond Lessor's control which shall include, without limitation, all labor disputes." This clause was not ambiguous. The particular dispute in issue fell within the definition of a labor dispute (*see* Labor Law § 701 [8]) covered by the *force majeure* clause (*see Kel Kim Corp. v Central Mkts.*, 70 NY2d 900, 902 [1987]).

The plaintiff correctly asserts that, to come within the meaning of the *force majeure* clause, the labor dispute would have to be an event "beyond the Lessor's control" (*see United States v Brooks-Callaway Co.*, 318 US 120 [1943]). In the instant case, the labor dispute involved a league-wide lockout ordered by the Commissioner of the National Hockey League, of which the defendant was one of 30 teams. In view of the foregoing, the defendant established prima facie that the labor dispute was a cause "beyond the Lessor's control." In opposition, the plaintiff failed to raise a triable issue of fact.

The parties are both sophisticated business entities who acted at arm's length. The defendant owed no fiduciary duty to the plaintiff (*see CFSC Capital Corp. XXVII v Bachman Mech. Sheet Metal Co.*, 247 AD2d 502, 504 [1998]), nor is there any basis in this record to find that the defendant was equitably estopped from raising the defense of impossibility of performance.

We further note that the plaintiff's cause of action sounding in unjust enrichment should have been dismissed as duplicative of its breach of contract cause of action (*see Cooper, Bamundo, Hecht & Longworth, LLP v Kuczinski,* 14 AD3d 644, 645 [2005]).

In view of the foregoing, the defendant is entitled to summary judgment dismissing the complaint and summary judgment on its counterclaim for unpaid rental fees. Schmidt, J.P., Goldstein, Angiolillo and McCarthy, JJ., concur.