SECOND DEPARTMENT, JULY, 2010

(July 6, 2010)

■ CAMERON ENGINEERING & ASSOCIATES, LLP, Appellant, v JMS ARCHITECT & PLANNER, P.C., Respondent, et al., Defendant. [903 NYS2d 755]—

In an action to recover damages for breach of contract and on an account stated, the plaintiff appeals from (1) a decision of the Supreme Court, Nassau County (Mahon, J.), dated August 18, 2009, made after a nonjury trial, and (2) a judgment of the same court entered October 19, 2009, which, upon the decision, is in favor of the defendant JMS Architect & Planner, P.C., and against it, dismissing the complaint.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant JMS Architect & Planner, P.C.

On an appeal from a judgment entered after a nonjury trial, this Court "may render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 134 [1930]). At a nonjury trial, evaluating the credibility of the witnesses is a matter committed to the discretion of the trial court (*see McCaffrey v McCaffrey*, 69 AD3d 585 [2010]; *Wasserman v Wasserman*, 66 AD3d 880 [2009]).

The plaintiff's contention that it established the requisite elements for recovery on a theory of an account stated is without merit. An account stated represents an agreement between the parties reflecting an amount due on a prior transaction (*see M & A Constr. Corp. v McTague*, 21 AD3d 610 [2005]; *Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869 [1993]). An essential element of an account stated is an agreement with respect to the amount of the balance due (*see Interman Indus. Prods. v R. S. M. Electron Power*, 37 NY2d 151, 153-154 [1975]; *Erdman Anthony & Assoc. v Barkstrom*, 298 AD2d 981 [2002]). The determination of the trial court that there was no agreement with respect to the balance due is supported by the evidence.

The plaintiff's contentions regarding relief in quantum meruit are not properly before this Court. The record reflects that the plaintiff made a calculated decision to forgo this relief in the Supreme Court.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Covello, J.P., Angiolillo, Dickerson and Sgroi, JJ., concur.