■ HARVEY G. LANDAU, Respondent, v DEBRA CASCARDO WEISSMAN, Appellant. [913 NYS2d 107]—

In an action, inter alia, to recover on an account stated, the defendant appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated June 9, 2009, as granted that branch of the plaintiff's motion which was for summary judgment on the third cause of action for an account stated and for a money judgment thereon to the extent of awarding him the sum of $17,545.22, plus interest at 12%, and denied that branch of her cross motion which was, in effect, for the appointment of a guardian ad litem, and (2) from a judgment of the same court entered July 8, 2009, which, upon the order, is in favor of the plaintiff and against her in the principal sum of $17,545.22, plus interest at 12%.

Ordered that the appeal from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the third cause of action for an account stated and for a money judgment thereon to the extent of awarding him the sum of $17,545.22, plus interest at 12%, is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is reversed, on the law, that branch of the plaintiff's motion which was for summary judg-

ment on the third cause of action for an account stated is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the third cause of action for an account stated and for a money judgment thereon to the extent of awarding him the sum of $17,545.22, plus interest at 12%, must be dismissed, as the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" (*Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869 [1993]; *see Cameron Eng'g & Assoc., LLP v JMS Architect & Planner, P.C.*, 75 AD3d 488 [2010]). "The agreement may be express or . . . implied from the retention of an account rendered for an unreasonable period of time without objection and from the surrounding circumstances" (*Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d at 869; *see Jovee Contr. Corp. v AIA Envtl. Corp.*, 283 AD2d 398, 400 [2001]). "Whether a bill has been held without objection for a period of time sufficient to give rise to an inference of assent, in light of all the circumstances presented, is ordinarily a question of fact, and becomes a question of law only in those cases where only one inference is rationally possible" (*Yannelli, Zevin & Civardi v Sakol*, 298 AD2d 579, 580 [2002] [internal quotation marks omitted]; *see Shelly v Skief*, 73 AD3d 1016 [2010]; *Epstein v Turecamo*, 258 AD2d 502, 503 [1999]; *Legum v Ruthen*, 211 AD2d 701, 703 [1995]).

Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law, as the record does not establish that the defendant's assent to the correctness of the invoices at issue was the only inference rationally possible (*see Yannelli, Zevin & Civardi v Sakol*, 298 AD2d at 580; *Epstein v Turecamo*, 258 AD2d at 503). Since the plaintiff failed to meet his prima facie burden, we need not consider the sufficiency of the defendant's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court erred in awarding the plaintiff summary judgment on the cause of action for an account stated.

The defendant's contention regarding the appointment of a guardian ad litem is without merit.

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.