RAYTONE PLUMBING SPECIALTIES, INC., Appellant, v SANO CONSTRUCTION CORP., Respondent. [939 NYS2d 116]—

The plaintiff's complaint, verified by its attorney, alleges that the defendant failed to pay for plumbing services the plaintiff rendered to the defendant and asserts causes of action, inter alia, to recover damages pursuant to CPLR 3016 (f) for breach of contract (first cause of action) and to recover on an account stated (second cause of action). The plaintiff annexed two invoices to its complaint. The defendant submitted an unverified answer in which it generally denied the material allegations of the complaint and asserted 10 affirmative defenses. Prior to discovery being conducted, the plaintiff moved for summary judgment on the first and second causes of action. The Supreme Court denied the motion. The plaintiff appeals and we affirm.

In an action involving, inter alia, the "performing of labor or services," CPLR 3016 (f) permits a plaintiff to "set forth and number in his [or her] verified complaint the items of his [or her] claim and the reasonable value or agreed price of each."

When the plaintiff properly complies with the statutory provisions, "then the defendant may not generally deny allegations of the complaint, but must, instead, specifically dispute the items on the plaintiff's list" (*Summit Sec. Servs., Inc. v Main St. Lofts Yonkers, LLC*, 73 AD3d 906, 906 [2010]).

Here, the plaintiff annexed two invoices to its complaint, listing approximately 50 different addresses, with amounts due beside each listed address and reflecting a total outstanding balance due of $152,134.60. The complaint asserts, but the invoices do not reflect, that this work was performed over a period of approximately two years. Despite the outstanding sum reflected on the invoices, the complaint seeks damages on the first cause of action in the sum of $158,584.50.

"To meet the requirements of CPLR 3016 (f), a complaint must contain a listing of the goods or services provided, with enough detail that it 'may readily be examined and its correctness tested entry by entry' " (*Teal, Becker & Chiaramonte, CPAs v Sutton*, 197 AD2d 768, 768-769 [1993], quoting *Innis, Pearce & Co. v Poppenberg, Inc.*, 213 App Div 789, 790 [1925]). Here, the complaint did not meet that standard (*see Teal, Becker & Chiaramonte, CPAs v Sutton*, 197 AD2d at 769). Accordingly, the defendant's general denials contained in its answer were sufficient, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the first cause of action, and that branch of the plaintiff's motion which was for summary judgment on the first cause of action was properly denied (*see Summit Sec. Servs., Inc. v Main St. Lofts Yonkers, LLC*, 73 AD3d at 907).

The plaintiff also failed to meet its prima facie burden with respect to the second cause of action, which sought to recover on an account stated. The plaintiff alleges that an account was stated in the sum of $158,584.60, but the only invoices before the Supreme Court reflect an outstanding balance of $152,134.60. The plaintiff failed to demonstrate that the parties came to "an agreement with respect to the amount of the balance due" (*Cameron Eng'g & Assoc., LLP v JMS Architect & Planner, P.C.*, 75 AD3d 488, 489 [2010]), an essential element of an account stated (*see Landau v Weissman*, 78 AD3d 661 [2010]). Where, as here, there are no facts showing that the defendant retained the billing statements for an unreasonable period of time without objecting to them, the plaintiff failed to meet its prima facie burden (*see American Express Centurion Bank v Cutler*, 81 AD3d 761 [2011]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the plaintiff's

motion for summary judgment on the first and second causes of action. Balkin, J.P., Dickerson, Belen and Cohen, JJ., concur.