(April 24, 2012)

■ ACCENT COLLECTIONS, INC., Appellant, v CAPPELLI ENTER-PRISES, INC., et al., Respondents. [942 NYS2d 802]—

In an action, inter alia, to recover on an account stated, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated January 14, 2011, as denied that branch of its motion which was for summary judgment on the second cause of action, which was for an account stated, insofar as asserted against the defendants George A. Fuller Company, Inc., and Summit Property Management, Inc., with respect to 25 invoices dated between April 1, 2008, and August 28, 2008.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff sought to recover money allegedly due for building maintenance and cleaning services provided to the defendants by the plaintiff's predecessors-in-interest. The plaintiff moved for summary judgment on its second cause of action, which was for an account stated, insofar as asserted against the defendants George A. Fuller Company, Inc. (hereinafter GAF), and Summit Property Management, Inc. (hereinafter Summit), with respect to certain invoices. The Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the second cause of action insofar as asserted against GAF with respect to certain invoices dated prior to December 14, 2007, but otherwise denied the motion. The plaintiff appeals from so much of the order as denied that branch of its motion which was for summary judgment on the second cause of action insofar as asserted against GAF and Summit (hereinafter together the defendants) with respect to 25 invoices dated between April 1, 2008, and August 28, 2008.

" 'An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due' " (*Landau v Weissman*, 78 AD3d 661, 662 [2010], quoting *Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869 [1993]; *see Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 223 [2011]; *American Express Centurion Bank v Cutler*, 81 AD3d 761, 762 [2011]). The agreement may be express, or it may be implied by the retention of a bill without objection for an unreasonable period of time and from the surrounding circumstances (*see Landau v Weissman*, 78 AD3d at 662; *see also Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d at 223; *American Express*

*Centurion Bank v Cutler*, 81 AD3d at 762). " 'Whether a bill has been held without objection for a period of time sufficient to give rise to an inference of assent, in light of all the circumstances presented, is ordinarily a question of fact, and becomes a question of law only in those cases where only one inference is rationally possible' " (*Landau v Weissman*, 78 AD3d at 662, quoting *Yannelli, Zevin & Civardi v Sakol*, 298 AD2d 579, 580 [2002]).

Here, in opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, the defendants, in light of all the circumstances presented, raised a triable issue of fact as to whether they held the invoices at issue "without objection for a period of time sufficient to give rise to an inference of assent" (*Yannelli, Zevin & Civardi v Sakol*, 298 AD2d at 580 [internal quotation marks omitted]). The defendants submitted an affidavit of GAF's representative Joseph Anello, from which it can be inferred that, from March to August 2008, he personally objected to invoices sent by the plaintiff's predecessors-in-interest to GAF, and that objections also were made on behalf of Summit, on the ground that the invoices lacked supporting documentation. In other words, " 'the factual situation attending the particular transactions' does not unequivocally support an inference of the defendant[s'] assent to the correctness of the bill" as a matter of law (*id.*, quoting *Interman Indus. Prods. v R. S. M. Electron Power*, 37 NY2d 151, 154 [1975]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the second cause of action insofar as asserted against the defendants with respect to the 25 invoices dated between April 1, 2008, and August 28, 2008. Skelos, J.P., Eng, Belen and Cohen, JJ., concur.