■ WHITE PLAINS CLEANING SERVICES, INC., Respondent, v 901 PROPERTIES, LLC, et al., Appellants. [942 NYS2d 636]—

In an action to recover on an account stated, the defendants appeal from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered October 4, 2011, which denied their motion, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff asserts three causes of action to recover on an account stated. Taken together, the complaint, and the affidavits submitted in opposition to the pre-answer motion to dismiss, alleged that the plaintiff was engaged by the managing agents of three commercial properties, as agents of the owners, to perform cleaning services at the properties, that it performed those services, that it forwarded statements to the managing agents and that the managing agents assented to the amounts due, and that payment had not been made. The Supreme Court denied the defendants' pre-answer motion, inter alia, to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), and the defendants appeal. We affirm.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit

of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 125 [2009], *affd* 16 NY3d 775 [2011]; *Smith v Meridian Tech., Inc.*, 52 AD3d 685, 686 [2008]).

An account stated is an agreement between parties as to an account and the correctness of account items and a specific balance due on them (*see Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 223 [2011]; *Landau v Weissman*, 78 AD3d 661, 662 [2010]; *Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869 [1993]). It may be express, or it may be implied, for example, when a party has retained billing statements without rejecting them or objecting to them within a reasonable time under circumstances evincing assent (*see Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d at 223; *American Express Centurion Bank v Cutler*, 81 AD3d 761, 762 [2011]; *Landau v Weissman*, 78 AD3d at 661; *Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d at 869-870).

Here, the complaint, as supplemented by affidavits, adequately states a cause of action sufficient to survive dismissal under CPLR 3211 (a) (7). The plaintiff alleged that the managing agents of the building engaged it, on behalf of the owners of the building, to perform cleaning services. Further, this relationship existed over the course of many years, during which the plaintiff was paid for its work. These allegations are sufficient, at least at the pleading stage, to make out a principal-agency relationship. Similarly, the plaintiff sufficiently alleged that the managing agents had assented to the amounts due so as to state a cause of action for an account stated. It is irrelevant that the defendants themselves did not receive the invoices or statements (*see Lesnick & Mazarin v Cutler*, 255 AD2d 367 [1998]). "A principal is bound by notice to or knowledge of his or her agent in all matters within the scope of the agency, notwithstanding the fact that such information is never actually communicated to the principal" (*Smalls v Reliable Auto Serv.*, 205 AD2d 523, 524 [1994]; *see Center v Hampton Affiliates*, 66 NY2d 782, 784 [1985]; *Lesnick & Mazarin v Cutler*, 255 AD2d 367 [1998]).

The defendants' remaining contentions either are without merit (*see* CPLR 311, 311-a; Business Corporation Law § 306 [b] [1]; Limited Liability Company Law § 301), or are not properly before this Court (*see US Bank N.A. v Caronna*, 92 AD3d 865 [2012]; *Ocean View Realty Co. v Ziss*, 90 AD3d 872,

873 [2011]; *Yeshiva Chasdei Torah v Dell Equity, LLC*, 90 AD3d 746, 747 [2011]). Florio, J.P., Balkin, Lott and Miller, JJ., concur.