In an action to recover damages for breach of contract, for unjust enrichment, and on an account stated, the defendant Board of Managers of the Glendale Condominium appeals from an order of the Supreme Court, Queens County (Markey, J.), *966 dated July 17, 2012, which denied its motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed, with costs.
The defendant Board of Managers of the Glendale Condominium (hereinafter the Board) moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the Board’s motion.
On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the complaint a liberal construction (see CPLR 3026), “accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). “The plaintiffs ultimate ability to prove those allegations is not relevant” (Hae Sheng Wang v Pao-Mei Wang, 96 AD3d 1005, 1008 [2012]).
Here, the Supreme Court properly denied that branch of the Board’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. Accepting the facts as alleged in the complaint as true, and according plaintiff the benefit of every possible favorable inference, the complaint adequately stated a cause of action to recover damages for unjust enrichment against the Board (see generally Levin v Kitsis, 82 AD3d 1051, 1052-1053 [2011]; Cruz v Mc-Aneney, 31 AD3d 54, 59 [2006]). Furthermore, contrary to the Board’s contention, the allegations in the complaint, liberally construed, were sufficient to state a cause of action alleging breach of contract on the theory that the Board affirmatively assumed the duties of a contract which allegedly was entered into between the plaintiff and the defendant Glendale Condominium Town and Tower Corp. (cf. Amalgamated Tr. Union Local 1181, AFL-CIO v City of New York, 45 AD3d 788, 790 [2007]; Todd v Krolick, 96 AD2d 695, 695 [1983], affd 62 NY2d 836 [1984]). In addition, the allegations in the complaint were sufficient to state a cause of action to recover on an account stated (see White Plains Cleaning Servs., Inc. v 901 Props., LLC, 94 AD3d 1108, 1109 [2012]; Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850, 851 [2011]), and the complaint was sufficient to satisfy the pleading requirements of CPLR 3016 (f) (see generally Leon v Martinez, 84 NY2d at 87-88; compare *967 Raytone Plumbing Specialities, Inc. v Sano Constr. Corp., 92 AD3d 855, 856 [2012]).
The Supreme Court also properly denied that branch of the Board’s motion which was for summary judgment dismissing the complaint insofar as asserted against it. In support of its motion, the Board merely submitted an attorney affirmation. As the plaintiff correctly contends, the attorney affirmation submitted by the Board was without evidentiary value to the extent that it was submitted to dispute the factual allegations contained in the complaint (see CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). Since the Board failed to establish, prima facie, its entitlement to judgment as a matter of law, that branch of the Board’s motion which was for summary judgment was properly denied, regardless of the sufficiency of the plaintiff’s opposition papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Eng, P.J., Balkan, Roman and Miller, JJ., concur.