■ CITIBANK (S.D.) N.A., Respondent, v DEAN K. CUTLER, Appellant. [976 NYS2d 196]—

In an action to recover the outstanding balance due on a credit card, the defendant appeals from a judgment of the Supreme Court, Westchester County (Tolbert, J.), dated September 10, 2012, which, upon an order of the same court entered August 10, 2012, granting the plaintiff's motion for summary judgment on the complaint, is in favor of the plaintiff and against him in the principal sum of $49,137.28.

Ordered that the judgment is affirmed, with costs.

An account stated is an agreement, express or implied, between the parties to an account based upon prior transactions

between them with respect to the correctness of account items and a specific balance due on them (*see White Plains Cleaning Servs., Inc. v 901 Props., LLC,* 94 AD3d 1108, 1109 [2012]; *Stephan B. Gleich & Assoc. v Gritsipis,* 87 AD3d 216, 223 [2011]; *American Express Centurion Bank v Cutler,* 81 AD3d 761, 762 [2011]). An account stated is independent of the original obligation (*see Citibank [S.D.], N.A. v Macarle,* 11 Misc 3d 128[A], 2006 NY Slip Op 50241[U] [App Term, 2d Dept, 9th and 10th Jud Dists 2006]). "An agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account" (*American Express Centurion Bank v Cutler,* 81 AD3d at 762). Here, in support of its motion for summary judgment the plaintiff submitted monthly billing statements from January 2007 through March 2008, and an affidavit from a document control officer who averred that the billing statements were sent to the defendant at his home address, that the defendant accepted and retained those statements without objection, and that he made partial payments on the account until on or about December 2007 when payments ceased. This evidence was sufficient to establish the plaintiff's entitlement to judgment as a matter of law on the cause of action for an account stated (*see American Express Centurion Bank v Gabay,* 94 AD3d 795 [2012]). In opposition, the defendant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

The defendant's remaining contentions either are without merit or have been rendered academic in light of our determination.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint. Dillon, J.P., Angiolillo, Roman and Sgroi, JJ., concur.