■ EPISCOPAL HEALTH SERVICES, INC., Respondent, v POM RECOVERIES, INC., Appellant. (And a Third-Party Action.) [31 NYS3d 113]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered March 11, 2015, as granted the plaintiff's motion to dismiss its third and fourth counterclaims and so much of its first and second counterclaims as sought an award of attorneys' fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff hired the defendant, POM Recoveries, Inc. (hereinafter POM), to perform third-party billing services. On or about October 16, 2012, the plaintiff commenced this action

to recover the sum of $250,138.63, plus attorneys' fees, costs, expenses, and disbursements, alleging that POM's failure to properly perform its services prevented the plaintiff from obtaining insurance reimbursement, and resulted in an audit, causing the plaintiff to incur attorneys' fees in responding to the audit. The plaintiff's demand for attorneys' fees incurred in responding to the audit was predicated upon an indemnification clause of the parties' agreement.

POM asserted four counterclaims, alleging: (1) the plaintiff owed POM the sum of $792,692.62 in unpaid fees, "plus interest, together with the costs and disbursements of this action, including attorneys' fees and expenses," (2) the plaintiff breached its agreement to report all payments it received as a result of POM's services, resulting in damages to POM "plus interest, together with the costs and disbursements of this action, including attorneys' fees and expenses," (3) the plaintiff breached its agreement to "reimburse POM for all of its attorneys' fees, costs, and expenses incurred in relation to this action," and (4) an account stated for over $1,000,000 based upon commission statements which were allegedly forwarded to the plaintiff on a monthly basis and not objected to. The fourth counterclaim alleging an account stated further alleged that "there reached a point in time when [the plaintiff], without justification, ignored POM's commission statements and refused to open same."

The plaintiff moved to dismiss the third and fourth counterclaims pursuant to CPLR 3211 (a) (1) and (7), as well as "the claim for attorneys' fees found in the First and Second counterclaims." POM opposed the motion and cross-moved for summary judgment on the fourth counterclaim for an account stated in the sum of $307,211.98. In his affidavit in support of the cross motion, the president of POM stated that as of February 28, 2013, the plaintiff owed POM $307,211.98 in commission fees, on or about that day POM sent the plaintiff an invoice for that amount, and the plaintiff neither paid nor objected to the invoice.

The Supreme Court, in the order appealed from, granted the motion and denied the cross motion. The court found that POM failed to state a cause of action for an account stated because POM forwarded the invoice for $307,211.98 to the plaintiff after the plaintiff commenced its action against POM, when it was clear that there was a dispute between the parties. The court further found that the attorneys' fees provision in the indemnification clause of the parties' agreement only applied to attorneys' fees incurred in litigating claims brought by third

parties, and not to attorneys' fees incurred by the parties in litigating against each other. POM's appeal is limited to so much of the order appealed from as granted the plaintiff's motion.

"An account stated is an agreement, express or implied, between the parties to an account based upon prior transactions between them with respect to the correctness of account items and a specific balance due on them" which is "independent of the original obligation" (*Citibank [S.D.] N.A. v Cutler*, 112 AD3d 573, 573-574 [2013]). A cause of action for an account stated has been described as "an alternative theory of liability to recover the same damages allegedly sustained as a result of the breach of contract" (*A. Montilli Plumbing & Heating Corp. v Valentino*, 90 AD3d 961, 962 [2011]).

An essential element of an account stated is that the parties came to an agreement with respect to the amount due (*see Raytone Plumbing Specialities, Inc. v Sano Constr. Corp.*, 92 AD3d 855, 856 [2012]). "[W]hile the mere silence and failure to object to an account stated cannot be construed as an agreement to the correctness of the account, the factual situation attending the particular transactions may be such that, in the absence of an objection made within a reasonable time, an implied account stated may be found" (*Interman Indus. Prods. v R. S. M. Electron Power*, 37 NY2d 151, 154 [1975]).

POM did not assert an agreement as to the amount due. Rather, it asserted that the plaintiff, "without justification, ignored POM's commission statements and refused to open same," indicating that the plaintiff never agreed that the commission statements were accurate. Further, although POM asserted that over $1,000,000 was owed pursuant to an account stated, the only invoice in the record, dated February 28, 2013, after this action was commenced, is for $307,211.98. In view of the foregoing, POM failed to state a cause of action for an account stated, and its fourth counterclaim, which alleged an account stated, was properly dismissed.

Finally, POM's claims for attorneys' fees were properly dismissed. POM's counterclaims failed to state a cause of action to recover attorneys' fees pursuant to the indemnification clause of the parties' agreement (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 490 [1989]; *Gotham Partners, L.P. v High Riv. Ltd. Partnership*, 76 AD3d 203, 208 [2010]; *Adesso Café Bar & Grill, Inc. v Burton*, 74 AD3d 1253, 1254 [2010]). Contrary to POM's contention, this issue may be properly decided on a CPLR 3211 (a) (7) motion because "the interpretation of an unambiguous contract is a question of law for the

court" (*Ark Bryant Park Corp. v Bryant Park Restoration Corp.*, 285 AD2d 143, 150 [2001]; *see 805 Third Ave. Co. v M.W. Realty Assoc.*, 58 NY2d 447, 451 [1983]). Rivera, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.