█ Lucy Gonzalez et al., Respondents, v Yashpal Arya et al., Defendants, and Saroj Arvind Hazari, Appellant. [35 NYS3d 155]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Saroh Arvind Hazari appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated September 18, 2014, as granted the plaintiffs' motion for leave to reargue their opposition to her prior cross motion for summary judgment dismissing the complaint insofar as asserted against her, which had been granted in an order of the same court (Pfau, J.), dated November 13, 2013, and, thereupon, denied her cross motion.

Ordered that the order dated September 18, 2014, is affirmed insofar as appealed from, with costs.

In this medical malpractice action, the plaintiffs allege that the plaintiff Lucy Gonzalez (hereafter the injured plaintiff) contracted the hepatitis C virus during a colonoscopy performed under anesthesia on March 13, 2008, by the defendant Yashpal Arya. The defendant Saroj Arving Hazari served as the anesthesiologist. An investigation performed by the New York City Department of Health discovered that the patient upon whom Arya performed a colonoscopy immediately before the injured plaintiff on the same day was a known hepatitis C

patient. It is undisputed that prior to the March 13, 2008, colonoscopy, the injured plaintiff showed no signs of being infected with the hepatitis C virus. The injured plaintiff was diagnosed with hepatitis C approximately six weeks after the subject colonoscopy procedure, which is the typical incubation period for hepatitis C.

Hazari cross-moved for summary judgment dismissing the complaint insofar as asserted against her, and, in an order dated November 13, 2013, the Supreme Court, inter alia, granted the cross motion. In the order appealed from dated September 18, 2014, the court granted the plaintiffs' motion for leave to reargue and, thereupon, denied Hazari's cross motion.

"Motions for reargument are addressed to the sound discretion of the court which decided the original motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision" (*Ito v 324 E. 9th St. Corp.*, 49 AD3d 816, 817 [2008]; see CPLR 2221 [d] [2]). Here, the Supreme Court providently exercised its discretion in granting leave to reargue, the plaintiffs' theory of liability based upon the doctrine of res ipsa loquitur with respect to Hazari having been overlooked. Upon reargument, the court properly denied Hazari's cross motion for summary judgment, for the reasons stated in a related appeal (*see Gonzalez v Arya*, 140 AD3d 925 [2016] [decided herewith]), based upon the doctrine of res ipsa loquitur (*see Frank v Smith*, 127 AD3d 1301, 1302 [2015]; *Antoniato v Long Is. Jewish Med. Ctr.*, 58 AD3d 652, 655 [2009]). Leventhal, J.P., Chambers, Hinds-Radix and Connolly, JJ., concur.