■ Lucy Gonzalez et al., Respondents, v Yashpal Arya et al., Appellants, et al., Defendants. [33 NYS3d 463]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Yashpal Arya and Yashpal Arya, M.D., P.C., doing business as Arya Gastroenterology Associates, P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Pfau, J.), dated November 13, 2013, as denied those branches of their cross motion, made jointly with the defendant St. Nicholas Gastroen-

terology, P.C., which were for summary judgment dismissing the amended complaint insofar as asserted against them or, in the alternative, to preclude the plaintiffs from offering the testimony of a certain witness and a certain New York City Department of Health report and findings, and for a hearing pursuant to *Frye v United States* (293 F 1013 [DC Cir 1923]).

Ordered that the appeal from so much of the order as denied that branch of the cross motion which was for a hearing pursuant to *Frye v United States* (293 F 1013 [DC Cir 1923]), is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

In this medical malpractice action, the plaintiffs allege that the plaintiff Lucy Gonzalez (hereafter the injured plaintiff) contracted the hepatitis C virus during a colonoscopy performed under anesthesia on March 13, 2008, by the defendant Yashpal Arya. The defendant Saroj Arving Hazari served as the anesthesiologist. An investigation performed by the New York City Department of Health (hereinafter the NYCDOH) discovered that the patient upon whom Arya performed a colonoscopy immediately before the injured plaintiff on the same day was a known hepatitis C patient. It is undisputed that prior to the March 13, 2008, colonoscopy, the injured plaintiff showed no signs of being infected with the hepatitis C virus. The injured plaintiff was diagnosed with hepatitis C approximately six weeks after the subject colonoscopy procedure, which is the typical incubation period for hepatitis C.

Arya, his medical practice, the defendant Yashpal Arya, P.C., doing business as Arya Gastroenterology Associates, P.C. (hereafter together the Arya defendants), and the defendant St. Nicholas Gastroenterology, P.C., cross-moved for summary judgment dismissing the amended complaint insofar as asserted against them or, in the alternative, to preclude the plaintiffs from offering evidence from a certain witness and a certain NYCDOH report and findings, and for a hearing pursuant to *Frye v United States* (293 F 1013 [DC Cir 1923]). The Supreme Court, inter alia, awarded summary judgment to the defendant St. Nicholas Gastroenterology, P.C., and otherwise denied the cross motion. The Arya defendants appeal.

We dismiss the appeal from so much of the order as denied that branch of the cross motion which was for a *Frye* hearing (*Frye v United States*, 293 F 1013 [DC Cir 1923]), as no appeal lies from an evidentiary ruling made in advance of trial which constitutes, at best, an advisory opinion (*see Peykarian v Yin*

*Chu Chien*, 109 AD3d 806 [2013]; *Fontana v LaRosa*, 74 AD3d 1016 [2010]). We affirm the order insofar as reviewed.

On a motion for summary judgment dismissing a cause of action to recover damages for medical malpractice, a defendant must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (*Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C.*, 132 AD3d 959, 960 [2015]; *see Stukas v Streiter*, 83 AD3d 18, 23 [2011]). Here, the Arya defendants established prima facie their entitlement to judgment as a matter of law with evidence that they did not depart from the accepted standard of care.

In opposition, the plaintiffs relied on the doctrine of res ipsa loquitur, which is available when (1) the event is of a kind that ordinarily does not occur in the absence of someone's negligence; (2) the event is caused by an agent or instrumentality within the exclusive control of the defendant; and (3) the event was not caused by any voluntary action or contribution on the part of the plaintiff (*see James v Wormuth*, 21 NY3d 540, 546 [2013]). "To rely on res ipsa loquitur a plaintiff need not conclusively eliminate the possibility of all other causes of the injury. It is enough that the evidence supporting the three conditions afford a rational basis for concluding that it is more likely than not that the injury was caused by defendant's negligence. Stated otherwise, all that is required is that the likelihood of other possible causes of the injury be so reduced that the greater probability lies at defendant's door" (*Kambat v St. Francis Hosp.*, 89 NY2d 489, 494-495 [1997] [citation and internal quotation marks omitted]).

The plaintiffs raised a triable issue of fact with respect to whether, under the doctrine of res ipsa loquitur, the Arya defendants' negligence proximately caused the plaintiff's contraction of hepatitis C. The plaintiffs, through their expert's affirmation, demonstrated that the transmission of hepatitis C from one patient to another does not occur in the absence of negligence, as the hepatitis C virus is a blood-borne pathogen that can only be transmitted when the blood of one patient is put into the body of the other, and that the injured plaintiff did not contribute to the transmission, as she was under anesthesia at the time of the procedure. There is no dispute that the Arya defendants were in control of the instrumentality of the transmission of infection from another patient, who had undergone the procedure immediately before the injured plaintiff.

Contrary to the Arya defendants' contention, the plaintiffs'

allegations, if established, could provide a basis for an award of punitive damages (*see Williams v Halpern*, 25 AD3d 467 [2006]; *Brooking v Polito*, 16 AD3d 898, 899 [2005]).

Accordingly, the Supreme Court properly denied that branch of the Arya defendants' cross motion which was for summary judgment dismissing the amended complaint insofar as asserted against them.

Contrary to the Arya defendants' contention, the Supreme Court properly relied upon the NYCDOH report and findings in determining the cross motion (*see* Public Health Law § 10 [2]; *Colao v St. Vincent's Med. Ctr.*, 65 AD3d 660, 662 [2009]).

The Arya defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied that branch of the Arya defendants' cross motion which was to preclude the plaintiffs from offering the testimony of a certain witness and the NYCDOH report and findings. Leventhal, J.P., Chambers, Hinds-Radix and Connolly, JJ., concur.