■ CARING PROFESSIONALS, INC., Appellant, v BENJAMIN LANDA et al., Respondents. [60 NYS3d 193]—

In an action, inter alia, to recover on an account stated, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated June 17, 2015, which granted the defendants' motion for leave to reargue their opposition to the plaintiff's prior motion for summary judgment on the cause of action to recover on an account stated, which had been granted in an order of the same court dated February 3, 2015, and, upon reargument, in effect, vacated the order dated February 3, 2015, and thereupon denied the plaintiff's motion for summary judgment on the cause of action to recover on an account stated.

Ordered that the order dated June 17, 2015, is affirmed, with costs.

In August 2013, the plaintiff commenced this action, inter alia, to recover on an account stated for services provided to the defendants, based upon documents showing invoices and payments. In an order dated February 3, 2015, the Supreme Court granted the plaintiff's motion for summary judgment on the cause of action to recover on an account stated. However, the court acknowledged that it could not "match invoices to payments one to one, this is to say that each invoice did not generate a payment." The court also cited a stipulation entered into by the parties upon submission of the motion indicating that the documents submitted in support of the motion had been received by the parties.

The defendants moved for leave to reargue their opposition to the plaintiff's motion for summary judgment on the cause of action to recover on an account stated. In the order appealed from, the Supreme Court granted the defendants' motion for leave to reargue and, upon reargument, in effect, vacated the order dated February 3, 2015, and thereupon denied the plaintiff's motion for summary judgment on the cause of action to recover on an account stated. In so doing, the court found that the stipulation did not necessarily mean that the defendants acknowledged that the invoices were received in the ordinary course of business. Rather, the stipulation was "equally susceptible to be interpreted to mean that defendants

acknowledge receiving a copy of the invoices as an exhibit" in the litigation. The plaintiff appeals.

Motions for reargument are addressed to the sound discretion of the court that decided the original motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision (see *Gonzalez v Arya*, 140 AD3d 928, 929 [2016]; *Hackshaw v Mercy Med. Ctr.*, 139 AD3d 798, 799 [2016]; *Vaccariello v Meineke Car Care Ctr., Inc.*, 136 AD3d 890, 892 [2016]). Here, the Supreme Court providently exercised its discretion in granting reargument (see *Mount Sinai Hosp. v Dust Tr., Inc.*, 117 AD3d 921, 922 [2014]).

An account stated is an agreement, express or implied, between the parties to an account based upon prior transactions between them with respect to the correctness of account items and a specific balance due on them which is independent of the original obligation (see *Clean Earth of N. Jersey, Inc. v Northcoast Maintenance Corp.*, 142 AD3d 1032, 1035 [2016]; *Citibank [S.D.], N.A. v Brown-Serulovic*, 97 AD3d 522, 523 [2012]). An essential element of an account stated is that the parties came to an agreement with respect to the amount due (see *Episcopal Health Servs., Inc. v POM Recoveries, Inc.*, 138 AD3d 917, 919 [2016]; *Cameron Eng'g & Assoc., LLP v JMS Architect & Planner, P.C.*, 75 AD3d 488, 489 [2010]).

Upon reargument, the Supreme Court properly determined that the plaintiff failed to make a prima facie showing of its entitlement to judgment as a matter of law on the cause of action to recover on an account stated. The plaintiff's evidentiary submissions did not establish that the parties came to an agreement with respect to the amount of the balance due (see *Raytone Plumbing Specialities, Inc. v Sano Constr. Corp.*, 92 AD3d 855, 856 [2012]).

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit.

Accordingly, upon reargument, the Supreme Court properly denied the plaintiff's motion for summary judgment on the cause of action to recover on an account stated. Balkin, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.