Giardini v Settanni (2018 NY Slip Op 01904)





Giardini v Settanni


2018 NY Slip Op 01904


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-09712
 (Index No. 9429/15)

[*1]Craig Giardini, et al., appellants, 
v
Saverino G. Settanni, et al., respondents.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellants.



DECISION & ORDER
Appeal from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated March 31, 2016. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on their causes of action to recover damages for conversion, to recover on an account stated, and for injury to property.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs, the owners and operators of a vehicle repair shop, allege that they repaired, at the defendants' request, a vehicle owned by the defendants, and that the defendants removed their vehicle from the plaintiffs' premises without authorization and without paying for the repairs. The plaintiffs brought this action, inter alia, to recover damages for conversion, to recover on an account stated, and to recover damages for damage the defendants allegedly caused to another vehicle on the plaintiffs' property.
In order to succeed on a cause of action to recover damages for conversion, a plaintiff must show (1) legal ownership or an immediate right of possession to a specific identifiable thing and (2) that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's right (see Mackey Reed Elec., Inc. v Morrone & Assoc., P.C., 125 AD3d 822, 824; Zendler Const. Co., Inc. v First Adj. Group, Inc., 59 AD3d 439). Here, the plaintiffs failed to establish, prima facie, that they had an immediate right of possession to the defendants' vehicle and failed to establish that the defendants exercised unauthorized dominion over the vehicle (see Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Eland Motor Car Co., 85 NY2d 725; Matter of BMW Bank of N. Am. v G & B Collision Ctr., Inc., 46 AD3d 875).
With regard to the cause of action to recover on an account stated, the plaintiffs failed to establish, prima facie, that there was an express or implied agreement on the cost of the alleged repairs made to the defendants' vehicle (see Caring Professionals, Inc. v Landa, 152 AD3d 738, 739; Bashian & Farber, LLP v Syms, 147 AD3d 714, 715; Episcopal Health Servs., Inc. v POM Recoveries, Inc., 138 AD3d 917; Raytone Plumbing Specialties, Inc. v Sano Constr. Corp., 92 AD3d 855; American Express Centurion Bank v Cutler, 81 AD3d 761, 762).
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment.
RIVERA, J.P., COHEN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court