Styles Brook Homeowners' Assn. v Blasi (2018 NY Slip Op 06960)





Styles Brook Homeowners' Assn. v Blasi


2018 NY Slip Op 06960


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-09941
 (Index No. 69600/15)

[*1]Styles Brook Homeowners' Association, respondent,
v
Gregory Blasi, appellant.


Gregory J. Blasi, named herein as Gregory Blasi, Pelham Manor, NY, appellant pro se.
The Weinstein Group, P.C., Syosset, NY (Lloyd J. Weinstein of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover on an account stated, the defendant appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated August 11, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on an account stated.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on an account stated is denied.
The defendant owns certain real property in Vermont. The plaintiff homeowners' association contends that the defendant is in arrears to it for maintenance on the property. It commenced this action, inter alia, to recover damages for breach of contract and to recover on an account stated. The plaintiff moved for summary judgment on the complaint. The Supreme Court granted that branch of the motion which was for summary judgment on the cause of action to recover on the account stated in the amount of $23,636.83, plus interest and costs. The defendant appeals.
"An account stated is an account balanced and rendered, with an assent to the balance express or implied; so that the demand is essentially the same as if a promissory note had been given for the balance" (Volkening v DeGraaf, 81 NY 268, 270; see Gurney, Becker & Bourne, Inc. v Benderson Dev. Co., 47 NY2d 995, 996; Interman Indus. Prods. v R. S. M. Electron Power, 37 NY2d 151, 153; Caring Professionals, Inc. v Landa, 152 AD3d 738, 739). An essential element to an account stated cause of action is that the parties came to an agreement with respect to the amount of the balance due (see Newburger-Morris Co. v Talcott, 219 NY 505, 512; Volkening v DeGraaf, 81 NY at 270; Raytone Plumbing Specialities, Inc. v Sano Constr. Corp., 92 AD3d 855, 856; Landau v Weissman, 78 AD3d 661, 662). "[W]hile the mere silence and failure to object to an account stated cannot be construed as an agreement to the correctness of the account, the factual situation attending the particular transaction may be such that, in the absence of an objection made within a reasonable time, an implied account stated may be found" (Interman Indus. Prods. v R. S. M. Electron Power, 37 NY2d at 154; see Corr v Hoffman, 256 NY 254, 266; Citibank [South Dakota], N.A. v Abraham, 138 AD3d 1053, 1056; Episcopal Health Servs., Inc. v POM Recoveries, Inc., 138 AD3d 917, 919).
The plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the cause of action to recover on an account stated, as it submitted no evidence that the parties had come to an agreement with respect to the amount of the balance due (see Caring Professionals, Inc. v Landa, 152 AD3d at 739; Raytone Plumbing Specialities, Inc. v Sano Constr. Corp., 92 AD3d at 856). Contrary to the plaintiff's contention, the defendant's submissions did not include any evidence showing that he received an invoice which he retained for an unreasonable period of time without objection such that the only reasonable inference would be that he assented to the correctness of the account items and balance due (cf. Citibank [South Dakota], N.A. v Abraham, 138 AD3d at 1056; Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d 522, 523; Landau v Weissman, 78 AD3d at 662; Yannelli, Zevin & Civardi v Sakol, 298 AD2d 579, 580; Legum v Ruthen, 211 AD2d 701, 703).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on an account stated.
RIVERA, J.P., CHAMBERS, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court