Lavalle v Coholan Family, LLC (2018 NY Slip Op 08770)





Lavalle v Coholan Family, LLC


2018 NY Slip Op 08770


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


960 CA 17-00496

[*1]ANTHONY C. LAVALLE, PLAINTIFF-RESPONDENT,
v
COHOLAN FAMILY, LLC, AND DANIEL COHOLAN, AN INDIVIDUAL, JOINTLY AND SEVERALLY, DEFENDANTS-APPELLANTS. 






KIRWAN LAW FIRM, P.C., SYRACUSE (TERRY J. KIRWAN, JR., OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
ANTHONY C. LAVALLE, SYRACUSE, D.J. & J.A. CIRANDO, ESQS. (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Spencer J. Ludington, A.J.), entered November 21, 2016. The order and judgment granted the motion of plaintiff for summary judgment and awarded money damages to plaintiff. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, an attorney, commenced this action for breach of contract, an account stated, and quantum meruit, seeking to recover unpaid attorney's fees and expenses for services he provided to defendants in litigation to enforce a contract to sell real property. Plaintiff moved for, inter alia, summary judgment on the complaint, and Supreme Court granted the motion. Defendants appeal.
We conclude that the court properly granted the motion with respect to the cause of action for an account stated. "An account stated is an agreement, express or implied, between the parties to an account based upon prior transactions between them with respect to the correctness of account items and a specific balance due on them" (Citibank [S.D.] N.A. v Cutler, 112 AD3d 573, 573-574 [2d Dept 2013]). "An agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account" (id. at 574 [internal quotation marks omitted]). Here, plaintiff submitted evidence showing that he invoiced defendants for charges totaling approximately $50,000 and that defendants made partial payments on the invoices of approximately $19,000 over several months. In light of those partial payments, we conclude that plaintiff satisfied his prima facie burden of establishing the existence of an account stated (see Holtzman v Griffith, 162 AD3d 874, 875-876 [2d Dept 2018]; Milstein v Montefiore Club of Buffalo, 47 AD2d 805, 805-806 [4th Dept 1975]). In opposition, defendants failed to raise a triable issue of fact (see Holtzman, 162 AD3d at 876).
We have considered defendants' related contentions regarding plaintiff's other causes of action and conclude that they are moot in light of our determination.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court