Toobian v Toobian (2022 NY Slip Op 05880)

Toobian v Toobian

2022 NY Slip Op 05880

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-00630
 (Index No. 610236/18)

[*1]Pejman Toobian, respondent-appellant,
v
Payam Toobian, et al., appellants-respondents.

Ginsburg & Misk, LLP, Queens Village, NY (Christopher Ryan Clarke of counsel), for appellants-respondents.
Lynne Gartner Dunne, LLP, Mineola, NY (Robert P. Lynn, Jr., Kenneth L. Gartner, and Tiffany D. Frigenti of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated December 17, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to renew his prior motion for summary judgment dismissing the defendants' eighth affirmative defense and pursuant to CPLR 3211(a) to dismiss the defendants' second, third, and fourth counterclaims and their demand for punitive damages, which had been denied in an order of the same court dated May 21, 2019, and, upon renewal of those branches of the defendants' prior cross motion which were pursuant to CPLR 3211(a) to dismiss the complaint, which had been denied in the order dated May 21, 2019, adhered to the determination in the order dated May 21, 2019, denying those branches of the defendants' prior cross motion. The order, insofar as cross-appealed from, granted that branch of the defendants' cross motion which was, in effect, for leave to renew those branches of their prior cross motion, and, upon renewal of the plaintiff's prior motion, adhered to the determination in the order dated May 21, 2019, denying the plaintiff's prior motion.
ORDERED that the order dated December 17, 2019, is modified, on the law, (1) by deleting the provisions thereof, upon renewal, adhering to the determinations in the order dated May 21, 2019, denying those branches of the defendants' cross motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging fraud, collusion, and an account stated, and substituting therefor provisions, upon renewal, vacating those determinations in the order dated May 21, 2019, and thereupon granting those branches of the cross motion, and (2) by deleting the provisions thereof, upon renewal, adhering to the determinations in the order dated May 21, 2019, denying those branches of the plaintiff's motion which were pursuant to CPLR 3211(a) to dismiss the defendants' second, third, and fourth counterclaims and their demand for punitive damages, and substituting therefor provisions, upon renewal, vacating those determinations in the order dated May 21, 2019, and thereupon granting those branches of the motion; as so modified, the order dated December 17, 2019, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff alleges that from 1996 through 2005 he loaned almost $8,000,000 to his [*2]brother, the defendant Payam Toobian, which was never repaid. In 2018, the plaintiff commenced this action to recover the principal sum of $7,717,835 against Payam Toobian and his wife, Heliya Toobian, and businesses owned by them which allegedly received proceeds of the loans. The complaint alleged causes of action sounding in breach of contract, fraud, collusion, account stated, and money had and received. The defendants answered the complaint and asserted, among other affirmative defenses, an eighth affirmative defense alleging that the action was time-barred. The defendants also alleged in the answer that Payam Toobian loaned the sum of $690,000 to the plaintiff and that $300,000 remained unpaid. The defendants asserted counterclaims to recover the $300,000 and made a demand for punitive damages. The first counterclaim alleged breach of contract, the second unjust enrichment, the third promissory estoppel, and the fourth fraud.
The plaintiff moved for summary judgment dismissing the defendants' eighth affirmative defense, and pursuant to CPLR 3211(a)(7) to dismiss the second, third, and fourth counterclaims as duplicative of the first counterclaim and to dismiss the demand for punitive damages. In support of that branch of the motion which was for summary judgment dismissing the eighth affirmative defense, the plaintiff asserted that the action was timely commenced because Payam Toobian sent the plaintiff an email dated July 30, 2015, which revived the debt.
The defendants cross-moved, inter alia, pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint. They contended, among other things, that the email did not constitute an acknowledgment of the debt pursuant to General Obligations Law § 17-101. In an order dated May 21, 2019, the Supreme Court denied the motion and the cross motion without prejudice to renew upon proper papers, on the ground that the documents referred to in the motion and cross-motion papers as evidence of the loans were not produced.
The plaintiff moved, inter alia, for leave to renew his prior motion, and produced certain promissory notes, as well as multiple checks that were payments by Payan Toobian, which allegedly did not clear because they were drawn on accounts with insufficient funds. The plaintiff alleged in an affidavit in support of the motion that he had demanded repayment of the loans since January 15, 2008. The defendants cross-moved, inter alia, in effect, for leave to renew their cross motion, contending, among other things, that the promissory notes were created by the plaintiff to support the plaintiff's application for financing and that the loans were nonexistent. In an order dated December 17, 2019, the Supreme Court granted that branch of the plaintiff's motion which was for leave to renew and that branch of the defendants' cross motion which was, in effect, for leave to renew, and, upon renewal, adhered to its original determinations denying the prior motion and the prior cross motion. The defendants appeal and the plaintiff cross-appeals.
Contrary to the defendants' contention, the email of Payam Toobian dated July 30, 2015, was an acknowledgment of a debt pursuant to General Obligations Law § 17-101. The email recognized an existing debt and did not state anything inconsistent with an intention on the part of the debtor to pay it (see Hon Fui Hui v East Broadway Mall, Inc., 4 NY3d 790, 791; Hakim v Hakim, 99 AD3d 498, 501). Contrary to the defendants' contention, the language in the email did not make repayment contingent upon Payam Toobian obtaining a particular line of credit (see Lorenzo v Bussin, 7 AD2d 731, 732, amended 7 AD2d 1019, affd 7 NY2d 1039). Accordingly, the Supreme Court properly denied that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
However, as the email was vague as to the nature and amount of the debt, and additional evidence would be needed to ascertain the amount of the debt to which the acknowledgment applied (see generally Manchester v Braedner, 107 NY 346, 349), the plaintiff failed to establish, prima facie, that the action was not time-barred. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' eighth affirmative defense.
The Supreme Court should have granted those branches of the defendants' cross motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging fraud, collusion, and an account stated. "[A] cause of action sounding in fraud is duplicative of a breach [*3]of contract cause of action if it is based on identical circumstances, and does not allege that the misrepresentation resulted in any loss independent of the damages allegedly incurred for breach of contract" (Pugni v Giannini, 163 AD3d 1018, 1020; see Doukas v Ballard, 135 AD3d 896, 897). Here, the cause of action sounding in fraud is based on the identical circumstances as the cause of action sounding in breach of contract, and does not allege that the purported misrepresentations resulted in any loss independent of the damages allegedly incurred for breach of contract (see Pugni v Giannini, 163 AD3d at 1020; Doukas v Ballard, 135 AD3d at 897). Further, a cause of action to recover damages for collusion, or conspiracy to defraud, cannot stand alone, "but stands or falls with the underlying tort" (Romano v Romano, 2 AD3d 430, 432; see Sokol v Addison, 293 AD2d 600, 601). Thus, the complaint failed to state a cause of action to recover damages for fraud or collusion.
"An account stated is an agreement, express or implied, between the parties to an account based upon prior transactions between them with respect to the correctness of account items and a specific balance due on them" (Citibank [S.D.] N.A. v Cutler, 112 AD3d 573, 573-574; see Interman Indus. Prods. v R.S.M. Electron Power, 37 NY2d 151, 153; Episcopal Health Servs., Inc. v POM Recoveries, Inc., 138 AD3d 917, 919). "An essential element of an account stated is that the parties came to an agreement with respect to the amount due" (Episcopal Health Servs., Inc. v POM Recoveries, Inc., 138 AD3d at 919; see Raytone Plumbing Specialities, Inc. v Sano Constr. Corp., 92 AD3d 855, 856). Here, the complaint did not allege that accounts for the purported debt were submitted to Payam Toobian and assented to by him. Therefore, the complaint failed to state a cause of action for an account stated (see Episcopal Health Servs., Inc. v POM Recoveries, Inc., 138 AD3d at 919).
Similarly, the Supreme Court should have granted those branches of the plaintiffs' motion which were to dismiss the second, third, and fourth counterclaims and the demand for punitive damages. The counterclaims sounding in fraud, unjust enrichment, and promissory estoppel arise from the identical circumstances and seek essentially the same damages as the counterclaim sounding in breach of contract, and are duplicative of that counterclaim (see Pugni v Giannini, 163 AD3d at 1020; Wald v Graev, 137 AD3d 573, 574; Bouchard Transp. Co., Inc. v New York Islanders Hockey Club, LP, 40 AD3d 897, 898). Further, "[p]unitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights" (Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613).
The parties' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court