■ CITIBANK, N.A., Respondent, v SHELDON H. SOLOW, Appellant. [939 NYS2d 361]—

The court properly relied on the affidavit of plaintiff's executive who was personally involved in enforcing defendant's obligations. The affidavit was not hearsay, because it was not submitted to show that the value of defendant's collateral had fallen below the required amount, but, rather, that the method employed in determining the shortfall was reasonable, as required by the governing documents. Defendant did not support his claim that the value of the collateral was determined in bad faith (*see generally Dalton v Educational Testing Serv.*, 87 NY2d 384, 388-389 [1995]). It did not evince bad faith for plaintiff to refuse to accept additional collateral to cure defendant's default based on a shortfall, despite having accepted additional collateral in the past, since extension of the cure period and acceptance of the proposed non-liquid interest in realty as collateral, rather than the required cash and securities, would have been inconsistent with express terms of the governing agreements (*see id.*).

The sale of defendant's municipal bond collateral through regular market channels immunized the method of sale from attack on the ground of commercial unreasonableness (*see Bankers Trust Co. v Dowler & Co.*, 47 NY2d 128, 135 [1979]). With regard to other aspects of commercial reasonableness, the timing was commercially reasonable because plaintiff was not bound to wait and undertake the risk of a declining market (*see Sumner v Extebank,* 88 AD2d 887, 888 [1982], *mod on other grounds* 58 NY2d 1087 [1983]), and the sale price was not significantly lower than the market value (*see DeRosa v Chase Manhattan Mtge. Corp.*, 10 AD3d 317, 322 [2004]; *Weinsten v*

*Fleet Factors Corp.*, 210 AD2d 74 [1994]). In light of the motion court finding that the sale of collateral was commercially reasonable, testimony regarding the price obtained when plaintiff purchased a portion of the collateral was properly precluded (*see* UCC 9-615 [f]). Contrary to defendant's contention, while the statute refers to "calculation," it addresses the commercial reasonableness of the sale price.

We have considered defendant's other contentions, including those involving the calculation of the deficiency judgment and his claimed need for discovery, and find them unavailing. Concur—Saxe, J.P., DeGrasse, Freedman and Román, JJ.