■ DB MANSFIELD LLC, Appellant, v BNY CAPITAL FUNDING LLC et al., Respondents. [984 NYS2d 359]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered August 2, 2013, which granted defendants' motions to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7),

unanimously modified, on the law, the motion of BNY Capital Funding LLC denied with respect to those portions of the first cause of action that allege breach of the purchase agreement, and otherwise affirmed, without costs.

Contrary to plaintiff's contention, the motion court expressly adopted defendants' arguments, and did not improperly decide the motions on grounds not raised by the parties (*cf. Greene v Davidson*, 210 AD2d 108, 109 [1st Dept 1994], *lv denied* 85 NY2d 806 [1995]). Nor did the motion court hold that the action should have been brought as an arbitration proceeding.

The breach of contract claim against FirstEnergy was properly dismissed. The supplemental appraisal protocol merely added further procedures to existing ones, and, in light of its purpose (*see Beal Sav. Bank v Sommer*, 8 NY3d 318, 324-325 [2007]), and its disclaimer of "any obligations or duties to make any payment" to Mansfield, did not did confer on plaintiff any right to payment from FirstEnergy.

The unjust enrichment claim was also properly dismissed because the protocol was a valid contract and covered the subject matter of the dispute; that the rights plaintiff asserted were expressly disclaimed therein did not bring the pleading within the exception set forth in *Joseph Sternberg, Inc. v Walber 36th St. Assoc.* (187 AD2d 225 [1st Dept 1993]) to the required election of remedies between contract and quasi-contract causes of action.

However, the cause of action against BNY Capital Funding for breach of the purchase agreement should not have been dismissed. According the complaint the benefit of the inferences, there are issues of fact as to whether BNY acted in a commercially reasonable manner and in good faith with respect to its duties to help plaintiff maximize the value of its interest and to refrain from conduct that could have an adverse impact on such interest. BNY's assertion that it permissibly acted in its self-interest does not insulate it, at this juncture, from plaintiff's claim. Whether BNY justifiably acted to protect the profit it might reap from the subject transaction is open to doubt; its claimed expectation was based on an appraisal later found to be significantly disparate from the other two appraisals that would determine the price BNY might receive, so whether the claim of self-interest is legitimate and borne out by the facts cannot be determined on this motion to dismiss (*cf. Bankers Trust Co. v Dowler & Co.*, 47 NY2d 128, 136 [1979] [summary judgment]; *Citibank, N.A. v Solow*, 92 AD3d 569 [1st Dept 2012], *lv denied* 19 NY3d 807 [2012] [same]). There is similarly an issue of fact as to whether BNY's delay in consenting to an extension of the

closing of the subject transaction was reasonable under the circumstances. Damages are reasonably inferred from the allegations (*see CAE Indus. v KPMG Peat Marwick*, 193 AD2d 470, 472-473 [1st Dept 1993]).

Nor did BNY properly offset against plaintiff's share of the proceeds from the subject transaction the amount it claimed was owed it for indemnification of its past and future expenses, including those incurred in defending this action. The indemnity agreement, which appears limited to claims by third parties and may exclude this action based on other language, when strictly construed, did not, under the circumstances, unmistakably and clearly entitle BNY to indemnity from plaintiff (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 492 [1989]; *Gotham Partners, L.P. v High Riv. Ltd. Partnership*, 76 AD3d 203, 207 [1st Dept 2010], *lv denied* 17 NY3d 713 [2011]).

The conversion cause of action against BNY was properly dismissed as merely duplicative of the contract claim, rendering it unnecessary to determine whether the cause of action was otherwise sufficiently stated (*see Melcher v Apollo Med. Fund Mgt. L.L.C.*, 25 AD3d 482, 483 [1st Dept 2006]). Concur—Gonzalez, P.J., Sweeny, Moskowitz, Richter and Clark, JJ.