Riccio v Genworth Fin. (2020 NY Slip Op 03135)





Riccio v Genworth Fin.


2020 NY Slip Op 03135


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2017-11690
 (Index No. 11790/14)

[*1]Mary P. Riccio, appellant,
v
Genworth Financial, et al., respondents, et al., defendant.


John L. O'Kelly, East Williston, NY, for appellant.
Drinker Biddle & Reath LLP, New York, NY (Robert J. Mancuso of counsel), for respondent Genworth Life Insurance Company of New York, sued herein as Genworth Financial, Genworth Life & Annuity, Genworth Life, and Genworth Life of New York.
Lazer, Aptheker, Rosella & Yedid, P.C., Melville, NY (Joseph C. Savino and Jennifer L. Silvestro of counsel), for respondent Capital One, N.A.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), dated October 3, 2017. The order, insofar as appealed from, granted the motion of the defendant Genworth Life Insurance Company of New York, sued herein as Genworth Financial, Genworth Life & Annuity, Genworth Life, and Genworth Life of New York for summary judgment dismissing the amended complaint insofar as asserted against it, granted that branch of the motion of the defendant Capital One, N.A., which was for summary judgment dismissing the amended complaint insofar as asserted against it, denied the plaintiff's motion for summary judgment on the amended complaint insofar as asserted against the defendant Genworth Life Insurance Company of New York, sued herein as Genworth Financial, Genworth Life & Annuity, Genworth Life, and Genworth Life of New York, and denied the plaintiff's cross motion for summary judgment on the amended complaint insofar as asserted against the defendant Capital One, N.A.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract in connection with the alleged looting of her annuity account (hereinafter the account) by her daughter, the defendant Patricia A. Riccio (hereinafter Patty), by means of seven unauthorized telephone withdrawal requests made by Patty on the account. The plaintiff appeals from an order granting the motion of the defendant Genworth Life Insurance Company of New York, sued herein as Genworth Financial, Genworth Life & Annuity, Genworth Life, and Genworth Life of New York (hereinafter Genworth) for summary judgment dismissing the amended complaint insofar as asserted against it, granting that branch of the motion of the defendant Capital One, N.A. (hereinafter Capital One), which was for summary judgment dismissing the amended complaint insofar as asserted against it, denying the plaintiff's motion for summary judgment on the amended complaint insofar [*2]as asserted against Genworth, and denying the plaintiff's cross motion for summary judgment on the amended complaint insofar as asserted against Captial One.
The plaintiff alleges that Genworth breached its contractual obligations to her by permitting Patty to become a third party on the account for purposes of the withdrawal of funds, and by allowing Patty to initiate unauthorized withdrawals of funds from the account by check. " The essential elements of a breach of contract cause of action are "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach"'" (Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 965, quoting Canzona v Atanasio, 118 AD3d 837, 838; quoting Dee v Rakower, 112 AD3d 204, 208-209).
Genworth met its prima facie burden of demonstrating its entitlement to summary judgment dismissing the breach of contract cause of action insofar as asserted against it by furnishing evidence reflecting that Genworth strictly complied with the terms of the parties' unambiguous contractual agreement, and precisely followed Genworth's internal procedures in connection with same, such that it did not materially breach any agreement with the plaintiff (see e.g. Whitecap [US] Fund I, LP v Siemens First Capital Commercial Fin. LLC, 121 AD3d 584, 591-592; Canzona v Atanasio, 118 AD3d at 838-839; DB Mansfield LLC v BNY Capital Funding LLC, 116 AD3d 636, 637; Jacobs v Mostow, 69 AD3d 575, 576). Such evidence included, inter alia, (a) the annuity contract entered into between the plaintiff and Genworth; (b) a "Systematic or auto interest withdrawal request for fixed annuities," signed by the plaintiff, authorizing Genworth to begin making monthly payments to the plaintiff in the amount of "$1,100.00 GROSS"; (c) a "Fixed annuity withdrawal authorization" (hereinafter the FAWA) form executed by the plaintiff, which modified the plaintiff's original annuity contract so as to grant Patty telephone withdrawal authorization privileges, allowing Patty to request withdrawals from the account by check in any amount desired, gross or net, and initiated a fixed withdrawal in the amount of $10,000; (d) 21 recordings of telephone calls made to Genworth's customer service department; and (e) relevant excerpts from the plaintiff's deposition testimony.
Genworth also established that the plaintiff was not overcharged as to early withdrawal charges, known as surrender charges. All fixed withdrawals from the account were made on a net basis, the contractual surrender charge was 7%, and the plaintiff's annual account statement shows that no more than 7% in surrender charges was subtracted from her account balance for each net withdrawal.
In opposition to Genworth's prima facie showing with respect to the breach of contract cause of action, the plaintiff failed to raise a triable issue of fact. The plaintiff's claim that she never authorized Patty to make withdrawals from the account is belied by the record as reflected in documents signed by the plaintiff as well as by the telephone recordings furnished by Genworth. The telephone recordings confirm that the plaintiff in fact signed the FAWA, which contains her signature. Moreover, contrary to the plaintiff's contentions, an earlier election by the plaintiff in a separate form to receive her monthly systematic annuity payments by electronic funds transfer was both separate and apart from, and superseded by, the terms of the FAWA. As the telephone recordings demonstrate, the plaintiff authorized Patty to discuss her account with Genworth, agreed to sign the FAWA, and requested that Patty fax the signed FAWA to Genworth and cash the resulting check herself. The plaintiff participated in Patty's first, second, and seventh telephone withdrawal phone calls to Genworth, as well as several other calls to Genworth regarding questions and concerns on the account.
The plaintiff's unsubstantiated and self-serving assertion that Patty may have forged her signature on both the FAWA and the checks from Genworth amounts to nothing more than a bald assertion of forgery that fails to raise a genuine issue of material fact (see Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 383-384). The plaintiff's name is signed on the FAWA, and the telephone recordings reflect her intention to execute the same. Moreover, the checks from Genworth all bear the plaintiff's signature, the telephone recordings indicate that the plaintiff asked Patty whether the plaintiff could cash the checks, and the plaintiff acknowledged at her deposition that the [*3]plaintiff was present when the checks were cashed at a Pay-O-Matic check-cashing location, which undercuts the unsubstantiated claim of forgery. Therefore, we agree with the Supreme Court's determination to grant Genworth's motion for summary judgment dismissing the breach of contract cause of action insofar as asserted against it.
The plaintiff's contentions on appeal with respect to the negligence, gross negligence, and breach of fiduciary duty causes of action are all premised upon her allegation that in January 2014, a representative of Capital One called Genworth to warn about unauthorized withdrawals. However, the recording of the subject call demonstrates that the representative did not warn Genworth about any unauthorized withdrawals during that call, but rather, sought information based on a call from the plaintiff's son, who helped her set up the annuity originally and was inquiring about making a fixed withdrawal of between five thousand and six thousand dollars. During the course of that call, the representative calling from Capital One learned from Genworth that several withdrawals had been made on the account, and that over $10,000 in surrender charges had been charged against the account. While the Capital One representative stated that he was surprised by the amounts that had been withdrawn, he did not once state that the withdrawals had not been authorized, surmising at times that something might have happened in the world of the plaintiff or that the withdrawals might be part of a strategy, and indicating that he would call them to discuss what he had learned from Genworth on the call. After the same Capital One representative later called Genworth back in March of 2014 to report that the plaintiff's son had called Capital One alleging elder abuse by Patty as against the plaintiff and that Patty had stolen the funds from the account, Genworth immediately froze the account, and Patty made no further withdrawals. Accordingly, Genworth and Capital One made a prima facie showing of their entitlement to summary judgment dismissing the negligence, gross negligence, and breach of fiduciary duty causes of action insofar as asserted against each of them, and in opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The plaintiff's remaining contentions are without merit.
SCHEINKMAN, P.J., COHEN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court