Autovest, LLC v Cassamajor (2021 NY Slip Op 03570)





Autovest, LLC v Cassamajor


2021 NY Slip Op 03570


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-03854
 (Index No. 703567/13)

[*1]Autovest, LLC, respondent,
v
Candace H. Cassamajor, appellant.


Janet E. Sabel, Jamaica, NY (Tashi T. Lhewa of counsel), for appellant.
Powhida & Cano, PLLC, Albany, NY (Pilar A. Cano of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered November 20, 2017. The order granted the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is denied.
The plaintiff alleged that it was assigned an installment contract that the defendant entered into with Baron Auto City, Inc., to purchase a 2001 Dodge Durango. The plaintiff further alleged that the defendant defaulted on the installment contract and that a balance of $6,950.62 remains on the debt despite the fact that the vehicle has been liquidated.
In August 2013, the plaintiff commenced this action against the defendant to recover damages for breach of contract. Following the completion of discovery, the plaintiff moved for summary judgment on the complaint. The Supreme Court granted the motion, and the defendant appeals.
"A fundamental requirement of any breach-of-contract action is for the plaintiff to allege that it is a party to the contract (or has acquired the rights of a party)" (US Bank N.A. v Nelson, 36 NY3d 998, 1010 [Wilson, J., concurring]). Here, the plaintiff sought to establish a foundation for the documents that it contends demonstrated its standing to recover for the alleged breach of the installment contract through an affidavit of Christina M. Dunn, a records manager for the plaintiff.
"A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (Citibank, N.A. v Cabrera, 130 AD3d 861, 861; see Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 652). As a general rule, "the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records" (Standard Textile Co. v National Equip. Rental, 80 AD2d 911, 911; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209). "However, such records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely [*2]relied upon by the recipient in its own business" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 209).
Here, Dunn failed to attest to her personal knowledge of the business practices of either Baron Auto City, Inc., or the entity to which Baron Auto City, Inc., allegedly assigned the installment contract. She also failed to allege that either the installment contract or the initial assignment of the installment contract to the third party were incorporated into the plaintiff's records and routinely relied upon by the plaintiff in its business. Accordingly, under the circumstances, Dunn's affidavit was insufficient to lay a proper foundation for either the installment contract or the initial assignment of the installment contract to the third party (see id. at 209-210).
Since the plaintiff failed to establish, prima facie, its entitlement to judgment as a matter of law through the submission of evidence in admissible form, the burden never shifted to the defendant to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324), and the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint (see Bank of N.Y. Mellon v Gordon, 171 AD3d at 209-210; Wells Fargo Bank, N.A. v Talley, 153 AD3d 583, 584-585).
In light of our determination, we need not reach the parties' remaining contentions.
LASALLE, P.J., DILLON, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court