Shapiro v John T. Mather Hosp. of Port Jefferson, N.Y., Inc. (2022 NY Slip Op 05106)

Shapiro v John T. Mather Hosp. of Port Jefferson, N.Y., Inc.

2022 NY Slip Op 05106

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-13881
 (Index No. 614305/16)

[*1]Perry Shapiro, appellant, 
v
John T. Mather Hospital of Port Jefferson, New York, Inc., respondent, et al., defendants.

Leeds Brown Law, P.C., Carle Place, NY (Michael A. Tompkins of counsel), for appellant.
Putney, Twombly, Hall & Hirson LLP, New York, NY (Mary Ellen Donnelly and Zack G. Sharpe IV of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and violations of Labor Law §§ 191, 193, 195, and 198-c, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated November 7, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the causes of action alleging breach of contract and violations of Labor §§ 191, 193, 195, and 198-c, and granted those branches of the cross motion of the defendant John T. Mather Hospital of Port Jefferson, New York, Inc., which were for summary judgment dismissing those causes of action insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Beginning in 1996, the plaintiff was employed by the defendant John T. Mather Hospital of Port Jefferson, New York, Inc. (hereinafter the Hospital), as a full-time emergency medicine physician. The plaintiff's employment was terminated effective December 31, 2015.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract and violations of Labor Law §§ 191, 193, 195, and 198-c against, among others, the Hospital, alleging that the Hospital had failed to pay him for accrued, unused sick leave that he was entitled to under an employment agreement, and that the Hospital had failed to provide him with statutorily required wage notices.
The plaintiff moved for summary judgment on the complaint. The plaintiff contended, inter alia, that in accordance with the terms of an offer letter allegedly executed by representatives of the Hospital and the plaintiff (hereinafter the offer letter), he was entitled to payment of all accrued, unused sick days over the course of his employment, and that he was only compensated for approximately half of his accrued, unused sick days. The Hospital cross-moved for summary judgment dismissing the complaint insofar as asserted against it. The Hospital contended, among other things, that the offer letter did not constitute a binding employment contract setting forth the terms of the plaintiff's compensation, and that, in any event, the offer letter did not state that the plaintiff was entitled to payment for all of his accrued, unused sick time. In an order [*2]dated November 7, 2019, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the causes of action alleging breach of contract and violations of Labor Law §§ 191, 193, 195, and 198-c and granted those branches of the Hospital's cross motion which were for summary judgment dismissing those causes of action insofar as asserted against it. The plaintiff appeals.
"The essential elements of a breach of contract cause of action are 'the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach'" (Canzona v Atanasio, 118 AD3d 837, 838, quoting Dee v Rakower, 112 AD3d 204, 208-209; see Friends of Wickers Cr. Archeological Site, Inc. v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc., 198 AD3d 726). Here, as the Supreme Court found, even if the offer letter represented the parties' employment agreement, the Hospital demonstrated, prima facie, that it did not breach any such agreement. Under the terms of the offer letter, the plaintiff was not entitled to payment for accrued, unused sick time. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the court properly granted that branch of the Hospital's cross motion which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against it, and properly denied that branch of the plaintiff's motion which was for summary judgment on this cause of action.
The Hospital established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 191 insofar as asserted against it by submitting evidence demonstrating that the plaintiff was excluded from the protections of Labor Law § 191 because he was employed as a professional and earned more than $900 a week (see Pachter v Bernard Hodes Group, Inc., 10 NY3d 609, 616; Eden v St. Luke's-Roosevelt Hosp. Ctr., 96 AD3d 614, 615; Miles A. Kletter, D.M.D. & Andrew S. Levine, D.D.S., P.C. v Fleming, 32 AD3d 566, 567). In addition, as the Hospital further contends, Labor Law § 191 does not apply to "benefits or wage supplements," such as sick time benefits (see Labor Law §§ 190[1]; 198-c[2]; Sosnowy v A. Perri Farms, Inc., 764 F Supp 2d 457, 476 [ED NY]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the Hospital's cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 191 insofar as asserted against it, and properly denied that branch of the plaintiff's motion which was for summary judgment on this cause of action.
Labor Law § 193(1) prohibits an employer from making "any deduction from the wages of an employee" unless permitted by law or authorized by the employee for certain payments made for the employee's benefit (see id. § 193[1][a], [b]). An employee's right to payment for accrued, unused sick time can constitute "wages" under Labor Law § 193 (see id. §§ 190[1]; 198-c[2]; Ryan v Kellogg Partners Institutional Servs., 19 NY3d 1, 12-13). Contrary to the Hospital's contention, the plaintiff does not contend that the defendants engaged in a wholesale withholding of payment for the plaintiff's accrued, unused sick time. Rather, the plaintiff contends that, in violation of Labor Law § 193, the Hospital made improper deductions from his wages by withholding payment for some of his accrued, unused sick time. However, under the terms of the offer letter, the plaintiff was not entitled to payment for accrued, unused sick time, and, in support of the Hospital's cross motion, it established, prima facie, that the plaintiff was paid for accrued, unused sick time in accordance with the Hospital's sick time policy. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the Hospital's cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 193 insofar as asserted against it, and properly denied that branch of the plaintiff's motion which was for summary judgment on this cause of action.
The Hospital also established as a matter of law that even assuming, without deciding, that an employee has an implied private right of action under Labor Law § 198-c, the plaintiff was not entitled to recovery under Labor Law § 198-c. "The primary and dispositive issue in applying this section is whether there was any basis for the accrual of . . . benefits" (Gennes v Yellow Book of N.Y., Inc., 23 AD3d 520, 522; see Matter of Ross v Specialty Insulation Mfg. Co., 71 AD2d 766). Under the terms of the offer letter, the plaintiff was not entitled to payment for accrued, unused sick time, and in support of its cross motion, the Hospital established, prima facie, that the plaintiff was paid for accrued, unused sick time in accordance with the Hospital's sick time policy. Therefore, [*3]the Hospital demonstrated, prima facie, that it did not fail to pay wage supplements to the plaintiff in accordance with any alleged employment agreement between the parties (see Gennes v Yellow Book of N.Y., Inc., 23 AD3d at 522). Moreover, Labor Law § 198-c(3) does not "apply to any person in a bona fide executive, administrative, or professional capacity whose earnings are in excess of nine hundred dollars a week." The Hospital demonstrated, prima facie, that the plaintiff was working in a professional capacity and earned in excess of $900 per week (see Holahan v 488 Performance Group, Inc., 140 AD3d 414, 415; Fraiberg v 4Kids Entertainment, Inc., 75 AD3d 580, 583). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the Hospital's cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 198-c insofar as asserted against it, and properly denied that branch of the plaintiff's motion which was for summary judgment on this cause of action.
The plaintiff's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court