Fortuna Design & Constr., Inc. v 888 Crescent, LLC (2023 NY Slip Op 06028)

Fortuna Design & Constr., Inc. v 888 Crescent, LLC

2023 NY Slip Op 06028

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-07845
 (Index No. 702468/20)

[*1]Fortuna Design & Construction, Inc., respondent,
v
888 Crescent, LLC, et al., appellants, et al., defendants.

Ariel Berschadsky, New York, NY (Doron Zanani of counsel), for appellants.
Morton S. Minsley, New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and on an account stated, the defendants 888 Crescent, LLC, and Andy Ho appeal from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered October 21, 2021. The order denied the motion of the defendants 888 Crescent, LLC, and Andy Ho for summary judgment dismissing the second through fourth causes of action.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants 888 Crescent, LLC, and Andy Ho for summary judgment dismissing the second through fourth causes of action is granted.
In 2020, the plaintiff commenced this action to recover the sum of $656,907.06 against, among others, the defendant 888 Crescent, LLC (hereinafter 888 Crescent), and one of its members, the defendant Andy Ho. The plaintiff asserted causes of action, inter alia, alleging breach of contract against Ho (second cause of action), to recover on an account stated against Ho (third cause of action), and alleging unjust enrichment against 888 Crescent (fourth cause of action) in connection with a 2015 contract entered into by the plaintiff and Ho for the plaintiff to construct a residential building on certain premises owned by 888 Crescent. 888 Crescent and Ho (hereinafter together the defendants) moved for summary judgment dismissing the second through fourth causes of action. By order entered October 21, 2021, the Supreme Court denied the motion. The defendants appeal.
The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action, alleging breach of contract against Ho. The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach, and resulting damages (see First Class Concrete Corp. v Rosenblum, 167 AD3d 989; Detringo v South Is. Family Med., LLC, 158 AD3d 609, 609). The defendants demonstrated, prima facie, that Ho did not breach the contract by submitting, inter alia, an affidavit from Ho, copies of checks, including an endorsed check number 1053 dated November 14, 2017, payable to the plaintiff in the amount of $260,647.06, and a sales receipt on the plaintiff's letterhead signed by the plaintiff and Ho on July 3, 2017, stating, among other things, that with the payment of $20,000, the "Remaining balance for Entire Foundation Completed as of 7/3/2017 (No Further Payment is required for the Foundation work)." In connection [*2]therewith, the defendants submitted an endorsed check number 1052 dated November 14, 2017, payable to the plaintiff in the amount of $28,000, that Ho attested included the $20,000 remaining balance for the foundation. The evidence submitted demonstrated that Ho had paid in excess of what the agreement between Ho and the plaintiff required for the work that had been performed by the plaintiff on the project (see Shapiro v John T. Mather Hosp. of Port Jefferson, N.Y., Inc., 208 AD3d 913, 914). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Ho had breached the contract by failing to pay amounts due for the work the plaintiff performed pursuant to the contract. First, the plaintiff failed to demonstrate that any further payments were due for "Foundation" or "Change Order - Crush Rock" (breaking up rock at the site of the foundation), as the plaintiff did not dispute that it had received a $20,000 payment pursuant to the sales receipt signed by Ho and the plaintiff on July 3, 2017; said payment was to be the final payment due for the foundation work. Additionally, the plaintiff did not include in its computation of the amount paid by Ho the endorsed check number 1053 dated November 17, 2017, payable to the plaintiff in the amount of $260,647.06. Therefore, as Ho did not owe any further payments for "Foundation" or "Change Order - Crush Rock" (breaking up rock at the site of the foundation), and the plaintiff had received an additional payment of $260,647.06 from Ho, which was not accounted for by the plaintiff, the plaintiff failed to establish that it was owed any amount in excess of what it was paid (see Shapiro v John T. Mather Hosp. of Port Jefferson, N.Y., Inc., 208 AD3d at 914).
The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the third cause of action, seeking to recover on an account stated against Ho. "An account stated is an agreement, express or implied, between the parties to an account based upon prior transactions between them with respect to the correctness of account items and a specific balance due on them" (Citibank [S.D.] N.A. v Cutler, 112 AD3d 573, 573-574; see Interman Indus. Prods. v R.S.M. Electron Power, 37 NY2d 151, 153). "An essential element of an account stated is that the parties came to an agreement with respect to the amount due" (Episcopal Health Servs., Inc. v POM Recoveries, Inc., 138 AD3d 917, 919; see Toobian v Toobian, 209 AD3d 907, 910). Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that Ho never received any invoices or statements from the plaintiff requesting the $656,907.06 it was seeking in the cause of action to recover on an account stated. The evidence demonstrated that there was neither an express nor implied agreement between the parties to an account (see S.J. Fuel Co., Inc. v Dorann Resources, Ltd., 165 AD3d 995, 996; Brandeis Sch., Inc. v Yakobowicz, 130 AD3d 850, 851). In opposition, the plaintiff failed to raise a triable issue of fact as it did not present an account that was submitted to Ho and assented to by him. Therefore, the defendants were entitled to summary judgment dismissing the cause of action to recover on an account stated against Ho (see Brandeis Sch., Inc. v Yakobowicz, 130 AD3d at 851).
Further, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action, alleging unjust enrichment against 888 Crescent. "To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (Reingold v Bowins, 180 AD3d 722, 723 [internal quotation marks omitted]; see Alpha/Omega Concrete Corp. v Ovation Risk Planners, Inc., 197 AD3d 1274, 1280). Damages for unjust enrichment are "an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties concerned" (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142). Here, the defendants established, prima facie, that 888 Crescent was not unjustly enriched since the defendants demonstrated that the plaintiff was paid in excess of the amount due for the work it had performed. In opposition, the plaintiff failed to raise a triable issue of fact (see Alpha/Omega Concrete Corp. v Ovation Risk Planners, Inc., 197 AD3d at 1280).
BARROS, J.P., CHRISTOPHER, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court