Bank of N.Y. Mellon v Demasco (2024 NY Slip Op 02033)

Bank of N.Y. Mellon v Demasco

2024 NY Slip Op 02033

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2022-00848
2022-00849
 (Index No. 607414/19)

[*1]Bank of New York Mellon, etc., respondent,
v
Catalina Demasco, et al., defendants, 5 Skyview Court Holding Corp., appellant.

Villanti Law Group PLLC, Brooklyn, NY (Christopher Villanti of counsel), for appellant.
Woods Oviatt Gilman, LLP, Rochester, NY (Cassie T. Doran of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 5 Skyview Court Holding Corp. appeals from two orders of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), both dated January 13, 2022. The first order granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against that defendant and dismissing that defendant's answer with affirmative defenses, and for an order of reference. The second order granted the same relief to the plaintiff and directed dismissal of that defendant's answer with affirmative defenses.
ORDERED that the orders are reversed, on the law, with one bill of costs, and the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant 5 Skyview Court Holding Corp. and dismissing that defendant's answer with affirmative defenses, and for an order of reference, is denied.
In August 2007, the defendant Catalina Demasco (hereinafter the borrower) executed a note in the amount of $686,000 in favor of the plaintiff's predecessor in interest. The note was secured by a mortgage on certain real property located in Suffolk County. In November 2013, the borrower purportedly transferred ownership of the subject property to the defendant 5 Skyview Court Holding Corp. (hereinafter Skyview). In April 2019, the plaintiff commenced this action to foreclose the mortgage, alleging, among other things, that the borrower defaulted on the mortgage loan on May 1, 2013.
The plaintiff moved for summary judgment on the complaint insofar as asserted against Skyview and dismissing Skyview's answer with affirmative defenses, and for an order of reference. By order dated January 13, 2022, the Supreme Court granted the motion. In a second order dated January 13, 2022, the court granted the same relief to the plaintiff and directed dismissal of Skyview's answer with affirmative defenses. Skyview appeals from both orders.
The Supreme Court erred in granting the plaintiff's motion for summary judgment on the complaint insofar as asserted against Skyview and dismissing Skyview's answer with [*2]affirmative defenses, and for an order of reference, because the plaintiff failed to establish, prima facie, the borrower's default. It is well-settled that "[i]n order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895; see U.S. Bank N.A. v Chrismas-Beck, 219 AD3d 534, 536). Contrary to the court's determination, the fact that Skyview is not the borrower does not relieve the plaintiff of its burden of establishing the borrower's default (see generally Deutsche Bank Natl. Trust Co. v Finger, 195 AD3d 789, 790; Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782).
Here, the affidavit of Elizabeth Gonzales, submitted by the plaintiff in support of its motion, failed to establish the borrower's default by proof in admissible form. Gonzales, a default fulfillment manager at the plaintiff's loan servicer, Carrington Mortgage Services, LLC (hereinafter Carrington), stated that she was familiar with Carrington's records and record-keeping practices and that "[t]here is a default under the terms and conditions of the Promissory Note and Mortgage because the May 1, 2013 payment has not been made. To date, the default has not been cured." Gonzales attached to her affidavit a limited power of attorney, permitting Carrington to act on the plaintiff's behalf, dated November 18, 2020. "Records made in the regular course of business are hearsay when offered for the truth of their contents" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 204 [internal quotation marks omitted]). The current version of the business records rule provides, in part, that "[a]ny writing or record . . . made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof [thereof] if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter" (CPLR 4518[a]; see Bank of N.Y. Mellon v Gordon, 171 AD3d at 204). Although "the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records . . . such records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 209 [citations and internal quotation marks omitted]).
Insofar as the borrower's default allegedly occurred in 2013 and Carrington's power of attorney is dated November 18, 2020, the plaintiff's submissions reflect that Carrington was not the loan servicer at the time of the default and that Carrington began creating business records with respect to this mortgage loan on November 18, 2020. Carrington's employee, Gonzalez, did not state that the records of any other relevant entity, such as a prior loan servicer or the plaintiff, were provided to Carrington and incorporated into its own records, that Carrington routinely relied upon such records in its business, or that she had personal knowledge of business practices and procedures of any other relevant entity. Thus, Gonzalez failed to lay a proper foundation for admission of any records reflecting the borrower's alleged default in 2013 (see Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d at 783; see also Autovest, LLC v Cassamajor, 195 AD3d 672, 673). Although Gonzalez attached a transaction history document bearing Carrington's logo, which dated back to 2007, she provided no explanation as to the source of any information entered prior to November 18, 2020, the date of Carrington's limited power of attorney. Thus, the plaintiff failed to establish, prima facie, that the transaction history document was admissible under the business records exception to the hearsay rule (see CPLR 4518[a]; see generally Bank of N.Y. Mellon v Gordon, 171 AD3d at 204).
In their reply papers, the plaintiff attempted to address this deficiency by submitting a limited power of attorney for Carrington dated September 8, 2017. However, this power of attorney submitted by the plaintiff for the first time in reply to Skyview's opposition could not be used to satisfy the plaintiff's prima facie burden (see Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d at 783). In any event, even if this power of attorney established that, as of September 8, 2017, Carrington was the loan servicer for the subject mortgage loan, that would still not account for servicing records from the date of the alleged default until September 7, 2017.
The plaintiff's contention that the borrower's default was sufficiently established by [*3]virtue of fact that the borrower did not file an answer is improperly raised for the first time on appeal.
Inasmuch as the plaintiff's motion was based on evidence that was not in admissible form, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law and its motion should have been denied regardless of the sufficiency of Skyview's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court