Pacheco v Catholic Guardian Servs. (2025 NY Slip Op 06139)

Pacheco v Catholic Guardian Servs.

2025 NY Slip Op 06139

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Moulton, J.P., Gesmer, Rodriguez, Higgitt, Michael, JJ. 

Index No. 159163/22|Appeal No. 5119|Case No. 2025-02621|

[*1]Ingrid Pacheco, etc., Plaintiff-Respondent,
v
Catholic Guardian Services, Defendant-Appellant.

Ogletree Deakins, New York (Robert M. Tucker of counsel), for appellant.
Law Firm of Louis Ginsberg, P.C., Roslyn (Andrew Jordan of counsel), for respondent.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered April 3, 2025, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss the cause of action alleging nonpayment of wages under Labor Law § 191 (first cause of action), unanimously reversed, on the law, without costs, the motion granted, and the amended complaint dismissed. The Clerk is directed to enter judgment accordingly.
Plaintiff fails to state a cause of action for violation of Labor Law § 191, which pertains to the frequency of pay, not unpaid wages (see Vega v CM and Assoc. Constr. Mgt., LLC, 175 AD3d 1144, 1145 [1st Dept 2019]; see also Gutierrez v Bactolac Pharm., Inc., 210 AD3d 746, 747 [2d Dept 2022]). In the complaint, plaintiff does not allege that defendant required her or the putative class members to accept wages at periods other than those provided in Labor Law § 191, and she does not make any allegations at all regarding the frequency of pay (see Conte v Tri-State Tech., Inc., 238 AD3d 704, 707-708 [2d Dept 2025]; cf. Rosario v Hallen Constr. Co. Inc., 214 AD3d 544 [1st Dept 2023]). In addition, plaintiff fails to sufficiently allege that she is a clerical worker entitled to the protections of section 191, rather than a professional worker excluded from those protections (see Shapiro v John T. Mather Hosp. of Port Jefferson, N.Y., Inc., 208 AD3d 913, 915 [2d Dept 2022]).
Supreme Court has already dismissed the rest of plaintiff's claims, none of which are raised on appeal. Thus, because plaintiff is not entitled to recovery under section 191 or any other portion of Labor Law article 6, her claim under section 198 must be dismissed as well, as that section of the Labor Law simply provides the remedies available to an employee who prevails under a substantive provision of article 6 (see Frances v Klein, 231 AD3d 535, 536 [1st Dept 2024]; see also Riggi v Charlie Rose Inc., 212 AD3d 486, 486 [1st Dept 2023]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025