Palisades Cleaning Servs., Inc. v Bagatelle Little W. 12th, LLC (2026 NY Slip Op 00382)

Palisades Cleaning Servs., Inc. v Bagatelle Little W. 12th, LLC

2026 NY Slip Op 00382

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-05417
 (Index No. 37285/18)

[*1]Palisades Cleaning Services, Inc., appellant,
vBagatelle Little West 12th, LLC, respondent.

Sandra D. Parker, New York, NY, for appellant.
McCue Sussmane Zapfel & Cohen, P.C., New York, NY (Ken Sussmane and Jesse Sussmane of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract and on an account stated, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated June 9, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for breach of contract and on an account stated. The complaint alleges that the plaintiff and the defendant executed a written agreement in 2017, providing that the plaintiff was to perform cleaning services for the defendant's restaurant for a one-year period, automatically renewable for additional one-year terms. The defendant moved for summary judgment dismissing the complaint. In an order dated June 9, 2022, the Supreme Court granted the motion. The plaintiff appeals.
"The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach, and resulting damages" (Fortuna Design & Constr., Inc. v 888 Crescent, LLC, 221 AD3d 861, 862; see Riccio v Genworth Fin., 184 AD3d 590, 591). Here, contrary to the plaintiff's contention, the defendant did not waive its defense that the purported signature by the defendant's principal on the subject contract was not authentic, as the defendant's answer specifically denied the plaintiff's allegations that the contract was executed by the defendant's manager and agent (see generally CPLR 3018[b]; cf. Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518). Nevertheless, contrary to the defendant's contention, the evidence submitted in support of its motion failed to demonstrate as a matter of law that its principal did not sign the alleged contract (see Lewis v Reeves, 236 AD3d 777, 780-781; cf. Selene Fin., L.P. v Jones, 203 AD3d 1191). The defendant also failed to demonstrate, prima facie, that the contract was not binding because the signature of the plaintiff's principal, required by paragraph 10 of the contract for the agreement to become binding, did not appear on the copy of the contract produced by the plaintiff. The evidence proffered in support of the defendant's motion, which included a transcript of the sworn deposition testimony by the plaintiff's principal that she personally signed the contract and delivered a fully executed copy to the [*2]defendant, demonstrated the existence of a triable issue of fact as to whether the plaintiff's principal executed the contract (cf. Adrian Family Partners I, L.P. v ExxonMobil Corp., 61 AD3d 901, 903).
"'An account stated is an agreement, express or implied, between the parties to an account based upon prior transactions between them with respect to the correctness of account items and a specific balance due on them'" (Fortuna Design & Constr., Inc. v 888 Crescent, LLC, 221 AD3d at 863, quoting Citibank [S.D.] N.A. v Cutler, 112 AD3d 573, 573-574). "'An account stated assumes the existence of some indebtedness between the parties, or an express agreement to treat a statement of debt as an account stated'" (Shelly v Skief, 73 AD3d 1016, 1016, quoting Simplex Grinnell v Ultimate Realty, LLC, 38 AD3d 600, 600). Here, contrary to the defendant's contention, its evidentiary submissions failed to establish, prima facie, that the parties did not reach an express or implied agreement as to the correctness of the plaintiff's invoices (see Goldberg & Connolly v Upgrade Contr. Co., Inc., 135 AD3d 703, 705; see also GPI Entertainment, LLC v Aviv Façade Solutions, 144 AD3d 409; cf. TM 18 Realty, LLC v Copper Wang, Inc., 222 AD3d 904, 905).
As the defendant failed to demonstrate, prima facie, its entitlement to judgment as a matter of law dismissing the complaint, the Supreme Court should have denied the defendant's motion, regardless of the sufficiency of the plaintiff's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court