Westlake Servs., LLC v Gordon (2026 NY Slip Op 50144(U))

[*1]

Westlake Servs., LLC v Gordon

2026 NY Slip Op 50144(U)

Decided on February 7, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 7, 2026
Supreme Court, Kings County

Westlake Services, LLC d/b/a WESTLAKE FINANCIAL SERVICES, Plaintiff,

againstRenee Gordon, Defendant.

Index No. 511069/2024

Mandarich Law Group, LLP, Williamsville (Ilya Murafa of counsel), for plaintiff.CAMBA Legal Services, Inc., Brooklyn (Divya Subrahmanyam of counsel), for defendant.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 9-27.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within motion is determination as hereinafter set forth.
In this action commenced in 2024, Plaintiff Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake") alleges breach of a retail installment contract which Defendant Renee Gordon ("Gordon") entered into for the purchase of a car in 2021 from A Class Auto Sales Inc — that Gordon owes $17,584.60. Plaintiff Westlake has moved for summary judgment on the complaint and to dismiss Defendant Gordon's affirmative defenses and counterclaim.
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at [*2]853). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]). On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 314 [2024]).
In support of its motion for summary judgment, Westlake offers its complaint, Gordon's answer, the retail installment contract from the purchase of the car from the auto dealer with an assignment from the auto dealer to it, the account statement, and affirmations from employees Maribel Alvizar and Rosalinda Delgado. The retail installment contract, dated September 18, 2021, lists A Class Auto Sales Inc, with an address of 870 Atlantic Avenue, Brooklyn, NY 11238, as the seller, and Renee Gordon, with an address on Howard Avenue, Brooklyn, NY 11212 and Jowayne Tomlinson, with an address in Hamden, CT, as the buyers. The signatures on the installment contract appear in a computer script font; clearly they are not ink signatures. On the last page is an assignment of the contract from A Class Auto Sales Inc to Westlake Financial, with the signature of Moe Sulz in the very same computer script font.
In opposing Westlake's motion, Gordon advances several arguments, including (1) Westlake failed to make out a prima facie case of breach of contract; (2) even if Westlake made out such a prima facie case, there are triable issues of fact inasmuch as Gordon maintains that her signature on the installment contract was forged; (3) Westlake failed to demonstrate that it complied with the Uniform Commercial Code ("UCC"), in that the collateral (the car) was not sold in a commercially reasonable manner and it did not provide proper notice to Gordon; and (4) Gordon is entitled to statutory damages in light of Westlake's violation of the UCC. Gordon submitted an affirmation in which she refers to Westlake's proffered September 18, 2021 installment contract between A Class Auto Sales, Inc., as the seller, and she and Jowayne Tomlinson as the buyers of the car. She claims that she did not visit the dealership with Mr. Tomlinson; she never applied for financing; Mr. Tomlinson was her abusive ex-partner and used her personal identifying information without her knowledge; she did not sign the installment contract; on the contract date she was celebrating her daughter's birthday including by picking up a cake and eating out at Red Crab Juicy Seafood on Long Island, an hour's drive from her Brooklyn home; and she contacted Westlake in 2022 and told them it was not her debt, after she learned there were parking tickets in her name in connection with a BMW she had seen Mr. Tomlinson drive.
Recently, the Appellate Division stated:
"The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach, and resulting damages" (Fortuna Design & Constr., Inc. v 888 Crescent, LLC, 221 AD3d 861, 862; see Riccio v Genworth Fin., 184 AD3d 590, 591). Here, contrary to the plaintiff's contention, the defendant did not waive its defense that the purported signature by the defendant's principal on the subject contract was not authentic, as the defendant's answer specifically denied the plaintiff's allegations that the contract was [*3]executed by the defendant's manager and agent (see generally CPLR 3018[b]; cf. Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518). (Palisades Cleaning Servs., Inc. v Bagatelle Little W. 12th, LLC, — AD3d &mdash, 2026 NY Slip Op 00382, *1 [2d Dept 2026].)With respect to the element of the existence of a contract, there exists a material issue of fact. Gordon denies that she signed the September 18, 2021 retail installment contract. She affirmed to specific facts denying that her signature appears on the contract and, in fact, all the signatures, including the purported one of a dealership employee assigning the contract are typed in a computer script font. Gordon's answer, which she herself verified, asserts, "Ms. Gordon did not sign the contract attached to Plaintiff's complaint. She has never been to A Class Auto Sales Inc. and she did not purchase a vehicle from A Class Auto Sales in 2021 or at any other time." (NYSCEF Doc No. 15 ¶ 16.) She even submitted a photo of her with her daughter on September 18, 2021, from her phone (see NYSCEF Doc No. 22). Gordon's submission in opposition to Westlake's summary judgment motion amply suffices to demonstrate a material issue of fact as to whether she entered into a contract (cf. Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515 [2d Dept 2020]).
As for the element of a cause of action to recover damages for breach of contract that a plaintiff establish its performance under the contract, the Court notes that the complaint alleged in pertinent part:
4. Plaintiff issued a Retail Installment Loan account to the Defendant (original account number ending in XXXX2914) (hereinafter the "Account"), which is the subject of this action.5. Defendant entered into an agreement with the Plaintiff and made purchases, received cash, merchandise, and/or credit on the Account.. . .6. A copy of the Retail Installment Contract is attached hereto. (NYSCEF Doc No. 12 ¶¶ 4-6.)It is Westlake's burden on its motion for summary judgment that it establish that it or its assignor performed under the contract it claims was breached (see Liberty Equity Restoration Corp. v Maeng-Soon Yun, 160 AD3d 623 [2d Dept 2018]; Dorfman v American Student Assistance, 104 AD3d 474 [1st Dept 2011]). It has to establish that Gordon was provided credit to purchase a vehicle. Its documentation, i.e., submitted business records purporting to establish performance, however, is deficient under the rules of evidence. In fact, Westlake has failed to establish even that it possesses standing to maintain this action.[FN1]

"A fundamental requirement of any breach-of-contract action is for the plaintiff to allege that it is a party to the contract (or has acquired the rights of a party)" (US Bank N.A v Nelson, 36 NY3d 998, 1010 [2020, Wilson, J., concurring]). Here, the plaintiff sought to [*4]establish a foundation for the documents that it contends demonstrated its standing to recover for the alleged breach of the installment contract through an affidavit of Christina M. Dunn, a records manager for the plaintiff."A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (Citibank, N.A. v Cabrera, 130 AD3d 861, 861 [2015]; see Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 652 [2016]). As a general rule, "the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records" (Standard Textile Co. v National Equip. Rental, 80 AD2d 911, 911 [1981]; see Bank of NY Mellon v Gordon, 171 AD3d 197, 209 [2019]). "However, such records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business" (Bank of NY Mellon v Gordon, 171 AD3d at 209).Here, Dunn failed to attest to her personal knowledge of the business practices of either Baron Auto City, Inc., or the entity to which Baron Auto City, Inc., allegedly assigned the installment contract. She also failed to allege that either the installment contract or the initial assignment of the installment contract to the third party were incorporated into the plaintiff's records and routinely relied upon by the plaintiff in its business. Accordingly, under the circumstances, Dunn's affidavit was insufficient to lay a proper foundation for either the installment contract or the initial assignment of the installment contract to the third party (see id. at 209-210).Since the plaintiff failed to establish, prima facie, its entitlement to judgment as a matter of law through the submission of evidence in admissible form, the burden never shifted to the defendant to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), and the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint (see Bank of NY Mellon v Gordon, 171 AD3d at 209-210; Wells Fargo Bank, N.A. v Talley, 153 AD3d 583, 584-585 [2017]). (Autovest, LLC v Cassamajor, 195 AD3d 672, 673-674 [2d Dept 2021].)Similarly, here Westlake submitted the purported retail installment contract dated September 18, 2021, bearing the computer script font signatures of Gordon and Tomlinson, with the assignment bearing the computer script font signature of Moe Sulz. While Maribel Alvizar, a Westlake employee, affirmed that she has personal knowledge of the procedures relating to Westlake's business records, the records are made in the regular course of business, it was the regular course of such business to make the business records, and the records were made at or near the time of the events recorded, the retail installment contract was a record of A Class Auto Sales Inc. Therefore, it is apparent that Alvizar is relying on another business' record. She does not have knowledge of the creation of that record on September 18, 2021. Evidently the record came into possession of Westlake at some point. She "failed to allege that either the installment contract or the initial assignment of the installment contract . . . were incorporated into the plaintiff's records and routinely relied upon by the plaintiff in its business" (id. at 673). Alvizar's affirmation "was insufficient to lay a proper foundation for either the installment contract or the initial assignment of the installment contract" (id.; see Bank of NY Mellon v Gordon, 171 AD3d [*5]197 [2d Dept 2019]; CPLR 4518).[FN2]

Without laying a proper foundation for the installment contract, Westlake failed to establish that its assignor, A Class Auto Sales Inc, performed under the contract. Moreover, in the absence of laying a proper foundation for the assignment appearing at the end of the installment contract, Westlake did not even establish standing to maintain this action.
Failing to establish that A Class Auto Sales Inc performed under the contract by providing credit to Gordon, and that it itself even possesses standing, Westlake failed prima facie to demonstrate the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733; Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). As for the existence of a contract, at best from the position of Westlake there is an issue of fact as to whether Gordon entered into one (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 314; Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231; Palisades Cleaning Servs., Inc. v Bagatelle Little W. 12th, LLC, 2026 NY Slip Op 00382). The branch of Westlake's motion seeking summary judgment on the complaint must be denied and, for the same reasons therefor, the branches seeking dismissal of Gordon's affirmative defenses and counterclaims must likewise be denied.
Accordingly, it is hereby ORDERED that Plaintiff Westlake Services, LLC's motion for summary judgment on the complaint against Defendant Renee Gordon, as well as for dismissal of Defendant Renee Gordon's affirmative defenses and counterclaims is DENIED in its entirety.

Footnotes

Footnote 1:"Plaintiff lacks standing to bring this suit" was Gordon's fourth affirmative defense (NYSCEF Doc No. 15 ¶ 28). 

Footnote 2:Westlake also submitted an affirmation of Rosalinda Delgado in an attempt to authenticate the submitted notice of right of redemption and notice of intent to sell and the account statement, pursuant to the UCC. Any issues as to these documents are academic in light of the reasoning for denying summary judgment, i.e., the disputed contract and the failure to establish lack of material issues of fact regarding performance under the contract and standing.